78 So.2d 727 (1955)
John Henry HERBERT, Appellant,
v.
Josephine Mary GARNER, Appellee.
Supreme Court of Florida. Division A.
February 11, 1955.
Henderson, Franklin, Starnes & Holt, Fort Myers, for appellant.
*728 Strayhorn & Strayhorn, Fort Myers, for appellee.
TERRELL, Justice.
Appellee as plaintiff secured a judgment for $5,000 against appellant as defendant for personal injuries resulting from the collision of appellee's automobile with appellant's truck. A motion for new trial was denied and defendant appealed.
Six questions are urged for reversal but we are of the view that there is no merit to questions two, four and five and do not discuss them. Question one challenges the propriety of a witness testifying to statements made by defendant to a highway patrolman who made an investigation of the accident soon after it occurred.
At the trial of this case a witness for the plaintiff was permitted to answer the following question over the objection of defendant: Tell us what you heard him (defendant) tell the patrolman. The witness was present when the patrolman was making his investigation and was permitted to give the following answer to the foregoing question: "He said he saw the front blinker light. He did not say which one." The witness was related to appellee. Her husband was driving the truck and appellant was following them in his car. It was late in the P.M. The Garners were making a left turn and saw defendant's car approaching about 300 yards to the rear. Garner drove 200 to 300 feet, turned on his blinker light, held out his left hand and proceeded to turn on to his premises but as he had about cleared the road defendant's car struck his truck, causing the damage or injury sued for.
F.S. Section 317.13, F.S.A., requires the driver of a motor vehicle involved in an accident to make a written report thereof within twenty-four hours to the Department of Public Safety. We have held that this requirement is met by the driver giving the patrolman an account of his version of the accident. Stevens v. Duke, Fla., 42 So.2d 361. See also McBride v. Stewart, 227 Iowa 1273, 290 N.W. 700.
F.S. § 317.17, F.S.A., forbids the use in evidence at any trial, civil or criminal, of reports of an accident made by the person involved to the Department of Public Safety, except as to the identity of said person or persons when such identity is not otherwise known or when said person denies his presence at the accident. Stevens v. Duke, supra. Such reports are confidential, and to allow one party to establish their contents by the testimony of witnesses who may have overheard the driver or any person involved in accident, making an oral report to the patrolman investigating it, would defeat the purpose of the statute.
In Sea Crest Corporation v. Burley, Fla., 38 So.2d 434, this Court alluded to the inhibitions of Section 317.17, it did not pass upon the application of the statute because the question was not squarely presented. In the Sea Crest case it appears, however, that the driver of the motor car made statements to witnesses at the scene of the accident which were upheld by this Court as proper evidence over objection of appellant who challenged them as hearsay and not as part of the res gestae. Thereafter the driver made his report at the police station, as required by F.S. § 317.13, F.S.A. The admissions at the police station were testified to by the patrolman who heard them. This Court held that the admission in evidence of the testimony of the patrolman was harmless error in view of the fact that there was no inconsistency in said testimony with that elicited from the witnesses at the scene of the accident. On account of different versions of the accident, the blinker lights and perhaps other factual variances, the charge of harmless error is presented in a different aspect and, being so, the evidence of what was stated to the patrolman was condemned by the cited statute and cases. See also Sprague v. Brodus, Iowa, 1953, 60 N.W.2d 850, following and commending this Court's opinion in Stevens v. Duke, supra.
The third question has to do with the scope of cross-examination of an adverse witness under Common Law Rule 37, 30 F.S.A. Plaintiff called defendant as her witness and questioned him as to details *729 of the accident. Another line of questioning was then undertaken, in which defendant was asked when he first told the story; the question was objected to but the objection was overruled. Other questions were propounded in which it was attempted to impress on the jury that defendant had been charged with reckless driving and that the witness had told the same story in criminal court. Since defendant was testifying as an adverse witness it was not material when he first told the story, in fact the whole scope of the examination on this line proceeded beyond that allowable under the rule. Loftin v. Morgenstern, Fla., 60 So.2d 732; Kincade v. Mikles, 8 Cir., 144 F.2d 784; Moyer v. Aetna Life Insurance Company, 3 Cir., 126 F.2d 141.
The sixth question has to do with the refusal of the trial court on the last day of the trial to take a recess from 3:30 P.M. to 9:30 A.M. the following morning in order that defendant could have the advantage of the testimony of one of the doctors who treated appellee when she was injured.
The case was tried at LaBelle, the doctor lived at Fort Myers, thirty miles away. He had been regularly summoned as a witness and would have been present but for the fact that he was engaged in a labor case and could not in justice to his patient leave her bedside. There may be factual instances in which this would not have been an abuse of discretion but this was not such a case. Counsel for defendant did everything that the law requires to have the witness present and was entitled under the circumstances to have the adjournment. In our view the prejudicial evidence permitted to go to the jury and the court's refusal to let the doctor testify entitled defendant to a new trial.
The judgment appealed from is accordingly reversed and a new trial awarded.
Reversed.
MATHEWS, C.J., and SEBRING and ROBERTS, JJ., concur.