TERRELL, Justice.
Appellee instituted this action against appellant to recover damages for personal injuries received in an automobile accident. It is charged that the accident was caused by the negligence of George Mendel, an employee and agent of defendant. The answer denied negligence on the part of defendant or his agent and alleged that the sole proximate cause of the accident and injury was the negligence of the plaintiff. At the trial a verdict and judgment for $7,-‘845-was secured. This appeal is from that judgment.
In the course of an investigation of the accident by police officers, Mendel, the driver of defendant’s automobile, admitted that he was at fault for the accident. Later at a hearing in the police court in Miami Beach, Mendel again admitted responsibility for the accident and pleaded guilty to a charge of reckless driving. Mendel died before this action matured and Kaplan was not present when any of these proceedings took place. The admissions of Mendel were uncontradicted and were admitted in evidence over the objection of defendant. They were not made in Kaplan’s presence and were beyond the scope of the agent’s (Mendel’s) authority.
-To reverse the judgment, appellant relies on Stevens v. Duke, Fla.1949, 42 So.2d 361, where we approved the rule that a judgment of conviction in a criminal case should not be introduced as evidence in a civil action to establish the truth of the facts on which it was brought. In Moseley v. Ewing, Fla.1955, 79 So.2d 776, this rule was extended to include any questions which-were directed to defendant during the course of the civil trial relative to his conviction in the criminal case growing out of the accident. See also Myrick v. Lloyd, 158 Fla. 47, 27 So.2d 615.
The controversy centers around the interpretation of these cases, including Sec. 317.17, Florida Statutes, F.S.A. We are of the view however, that the judgment must be reversed on authority of the cases cited. See also Herbert v. Garner, Fla.1955, 78 So.2d 727. Section 317.17, Florida Statutes, F.S.A., forbids the use in evidence at any trial, civil or criminal, of reports of an accident made by the person involved to the Department of Public Safety. We cannot *560 escape the conclusion that the doctrine of the cited cases and the cited statute was violated.
It is also contended that the verdict was excessive but since the cause is reversed for other reasons, it becomes unnecessary to discuss this question.
The judgment is, therefore, reversed and a new trial awarded.
Reversed.
DREW, C. J., HOBSON, J., and STANLY, Associate Justice, concur.