89 So.2d 650 (1956)
Vincent IPPOLITO et al., Appellants,
v.
Edward BRENER, Appellee.
Vincent IPPOLITO et al., Appellants,
v.
Henry Lee LANGFORD, Appellee.
Vincent IPPOLITO et al., Appellants,
v.
Eugenia VICKERS, Appellee.
Supreme Court of Florida. Special Division A.
September 12, 1956.
Rehearing Denied October 15, 1956.
*651 Reeves, Allen & Dell, Fowler, White, Gillen, Yancey & Humkey, Ralph C. Dell and Morris E. White, Tampa, for appellant.
Mabry, Reaves, Carlton, Fields & Ward and William Reece Smith, Jr., Tampa, for appellees.
PRUNTY, Associate Justice.
These cases are before the Court on appeal for the second time; the previous appeal being reported in Ippolito v. Brenner, Fla. 1954, 72 So.2d 802. Three verdicts and judgments, in appellees' favor, were reversed because of an erroneous instruction given concerning the last clear chance doctrine, which point is not involved in the present appeals.
The defendants in the Court below appeal from final judgments of the Circuit Court of Hillsborough County, Florida, in favor of the plaintiffs below, in negligence actions by the driver, passenger and widow of another passenger in an automobile which collided with a truck owned by defendants and driven by one of the defendants.
Specifically, the appellants seek review of the lower Court's order denying their motion for judgment notwithstanding the verdict in accordance with their motion for directed verdict and alternative motion for new trial.
The facts established indicate that Jack Ippolito was driving a 1 1/2-ton truck owned by the other defendants, loaded with avocados, north on U.S. Highway No. 41. Langford, driving a 1937 Chevrolet automobile, accompanied by passengers Brener and Vickers, was proceeding south on the same highway. Both vehicles were traveling at a speed of between 35 and 45 miles per hour. The men in the automobile had been on an evening's hunting trip. The impact occurred on the plaintiffs' side of the road and the vehicles came to rest in the southbound lane of the highway. The collision happened at 12:30 a.m. on November 9, 1952.
Brener was seated in the front seat of the automobile with the driver Langford and was asleep when the crash took place. There is some conflict as to where Vickers was riding. He did not survive the collision.
The testimony of the drivers of the truck and car, respectively, was directly opposed as to whether plaintiffs' car was on the proper side of the highway prior to the collision.
The truck was being followed by a car driven by Sgt. LaCroix from MacDill Field, who was accompanied by his wife. It is contended they were the only possible eyewitnesses other than the interested parties.
Appellants contend that the testimony of Sgt. LaCroix and wife shows that they did not see the automobile approaching the truck and therefore the automobile was on the wrong side of the highway just *652 prior to the collision. They further contend that because of this the lower Court should have directed a verdict for defendants.
It appears that in the trial of these cases, as in the former trials, there was still a definite conflict of testimony and a "choice of versions" which was clearly the province of the jury. No error was committed by the lower Court in failing to direct a verdict for defendants on the basis of the LaCroix testimony.
The next point urged by the appellants is the refusal of the trial court to admit testimony from a highway patrolman investigating the collision. The testimony concerned statements made by Langford, driver of the automobile, admitting that he entered the highway from a side road. The statements were made during an interview with Langford at the Tampa Municipal Hospital late in the morning after the collision.
The defendants claim that when the plaintiff Langford on cross-examination denied that he had stated to the highway patrolman that he entered the highway from Riverside Drive, that defendants should have been permitted to read an alleged admission from the deposition of the patrolman to impeach the statements of Langford.
There is little basis to the contention of defendants that the statements made by Langford to the patrolman were not made in connection with the patrolman's official duties and were not the basis for his report. Obviously the patrolman had no business to interrogate the driver except in connection with official duties.
The testimony proffered from the patrolman's deposition appears to be within the privilege of F.S.A. § 317.17. This privilege was interpreted fully in Stevens v. Duke, Fla. 1949, 42 So.2d 361. The rule should be applied where the statements made to the police officer are offered for impeachment, as well as where offered as evidence in the case in chief. No logical reason exists to distinguish the situation.
Moreover, the privilege was not waived, since plaintiff's counsel made timely objection to the testimony concerning Langford's conversation with the patrolman. See also Herbert v. Garner, Fla. 1955, 78 So.2d 727.
Likewise, the trial court was correct in refusing an offer of opinion evidence from a highway patrolman as to whether or not the plaintiff's car had been on the wrong side of the road prior to the impact.
The final point urged by appellants is the refusal of the trial court to admit blood alcohol tests, taken in the hospital, of Vickers directly after the accident.
We fail to find error in this refusal. The evidence fails to show that the defendants established a proper predicate to permit admission of such testimony. Furthermore, if such testimony had been properly offered, its materiality is seriously questioned.
Vickers, the party from whom the test was allegedly made, failed to recover from his injuries. Langford, not Vickers, was the driver of the automobile. Certainly any degree of sobriety or lack of sobriety on the part of Vickers cannot be attributed to Langford. Also, Vickers' condition could not absolve defendants from any negligence attributable to them.
The verdicts and judgments of the trial court should be and the same are hereby
Affirmed.
DREW, C.J., and THOMAS and THORNAL, JJ., concur.