129 So.2d 704 (1961)
NASH MIAMI MOTORS, INC., a Florida corporation, and Tobie Wilson, Jr., Appellants,
v.
Roy S. ELLSWORTH, Appellee.
No. 60-265.
District Court of Appeal of Florida. Third District.
May 11, 1961.
Rehearing Denied June 2, 1961.
*705 Dean, Adams, Fischer & Gautier, Miami, for appellants.
Talbot W. Trammell, Miami, for appellee.
PEARSON, Judge.
Nash Miami Motors, Inc., was the owner and Tobie Wilson, Jr., was the driver of a motor vehicle which struck the plaintiff, Roy S. Ellsworth, who was a pedestrian. This appeal is from a final judgment for the plaintiff entered upon a jury verdict. The points presented are: 1) the court erred in refusing defendants' motion for directed verdict because the evidence proved the plaintiff was guilty of contributory negligence as a matter of law; 2) the court erred in instructing upon the doctrine of last clear chance because it was clearly inapplicable to the facts; 3) the court erred in allowing an investigating officer to testify, over defendants' objection, concerning a statement given him by the defendant-driver because it was a violation of his privilege given by the statute requiring a report of the accident. No error has been made to appear upon the first two points, but we reverse upon the third point and remand the cause for a new trial.
After the accident, officer McCracken, of the City of Miami police, arrived to investigate the accident. Defendant, Tobie Wilson, gave information to officer McCracken from which to prepare an accident report. Officer Fontana, a special accident investigator for the City of Miami Police, arrived at the scene of the accident while the investigation by officer McCracken was being conducted. Officer Fontana informed Mr. Wilson that he wanted to take his statement, and drove him to the police station for that purpose. At the station the defendant, Wilson, was informed:
"You are now being questioned in connection with the accident which happened on Monday, February 16, 1959, at Northeast 1st Court and 14th Street, City of Miami, Dade County, Florida. It is my duty to inform you that you do not have to answer any questions unless you so desire, but any statements that you do make may be used against you at some future criminal proceedings. * * *."
Thereafter officer Fontana asked:
"Mr. Wilson, in your own words will you tell me exactly what took place?"
Wilson made his statement; it was transcribed and filed in the records of the police department. The statement was not used by investigating officer McCracken in the preparation of the report required to be filed upon each accident.
A portion of the statement given to officer Fontana was read into evidence over defendants' objection. In the portion read Wilson stated that immediately prior to the collision he was traveling between 30 and 35 miles per hour and that the towing hook on the front of the automobile he was driving obscured his view. At the trial the defendant testified that he was traveling at approximately 25 miles per hour and that the towing hook did not obscure his *706 view. The case before the jury was such that these conflicts may have been material.
Section 317.13, Fla. Stat., F.S.A., requires a driver of a vehicle involved in an accident to forward a written report of such accident to the department of public safety. This section also states:
"(2) The department may require any driver of a vehicle involved in an accident, of which report must be made as provided in this section, to file supplemental reports, whenever the original report is insufficient in the opinion of the department, and may require witnesses of accidents to render reports to the department."
Further, section 317.17, Fla. Stat., F.S.A., provides in part as follows:
"Accident Reports Confidential  All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, * * *. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, * * *."
The Supreme Court of Florida has consistently applied this latter statute to exclude from the evidence at a trial statements made by a defendant to an investigating officer. Stevens v. Duke, Fla. 1949, 42 So.2d 361; Herbert v. Garner, Fla. 1955, 78 So.2d 727; Kaplan v. Roth, Fla. 1956, 84 So.2d 559; Ippolito v. Brener, Fla. 1956, 89 So.2d 650.
But appellee urges that the second report given to officer Fontana was not an "accident report" within the meaning of the statute. He argues that the statement given to officer Fontana was not for the purpose of making an accident report but was for discovery of possible criminal charges which might arise from the accident. From the viewpoint of the person interrogated there is little difference. The distinction, to have meaning, would require realization by a person charged with giving such a report that one officer was reporting the accident, while a second, who asked the same questions, was not reporting the accident. It further appears that for the statement of a defendant to be privileged under this statute it is not necessary for it to be given to an investigating officer, or given at the scene of the accident, or that the statement be used in a subsequently filed report of the accident. Ippolito v. Brener, supra.
The admission of the statement made to officer Fontana was therefore material error for which this cause must be reversed for a new trial.
Reversed and remanded for a new trial.
HORTON, C.J., and CARROLL, CHAS., J., concur.