DREW, Justice.
Writ of certiorari has issued in this cause directed to a decision [1] of the District Court of Appeal, Third District, which reversed, upon appeal, a verdict and judgment for plaintiff in a negligence action because of a finding that statements by defendant were, under F.S. §§ 317.13-317.17, F.S.A.,[2] erroneously admitted into evidence.
The jurisdictional issue presented by the petition[3] involves, initially, a determina *734 tion of conflict between the decision in the case at bar and those in earlier cases before this Court.[4] The court in this case was faced with the question of whether the statute makes inadmissible a statement given subsequent to initial police inquires at an accident, prefaced by direct warning of constitutional privileges and possibility of use against deponent, and in response to questioning allegedly for the purpose not of reporting the accident but determining the necessity for criminal charges.
Upon this point of conflict we are on further consideration unable to accept petitioner’s contentions because our examination of the cited cases indicates that none involved the critical point of law now in dispute. Nor can we agree that the court reached its conclusion by attributing to any previous case an unwarranted effect as controlling precedent upon the pivotal point.[5] The question decided in this case was therefore one of first impression not reviewable by certiorari in this Court in the absence of certification or other constitutional ground of jurisdiction.[6] The writ should accordingly be discharged and the petition dismissed, disposition of issues raised by respondent being, in this situation, unnecessary.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS, THORNAL, O’CONNELL and CALDWELL, JJ., concur.

. Nash Miami Motors, Inc. et al. v. Ellsworth, Fla.App.1961, 129 So.2d 704.

. F.S. § 317.13, F.S.A., requires reports of accidents by drivers, states that supplemental reports may be required when necessary, and requires investigating officers to file written reports. Sec. 317.17 states “All accident reports * * * shall he without prejudice to the individual so reporting and shall he * * * confidential * * *. No such repoi't shall be used as evidence in any trial * * with certain limited exceptions. (Emphasis supplied.)

.Article V, See. 4, Florida Constitution, F.S.A., provides:
“ * * * The supreme court may review by certiorari any decision of a district court of appeal that affects a class of constitutional or state officers, or that passes upon a question certified by the district court of appeal to be of great *734 public interest, or that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law, and may issue writs of certiorari to commissions established by law.”

.Ippolito v. Brener, Fla.1956, 89 So.2d 650; Kaplan v. Both, Fla.1956, 84 So.2d 559; Herbert v. Garner, Fla.1955, 78 So.2d 727; Stevens v. Duke, Fla.1949, 42 So.2d 361.

. See Pinkerton-Hays Dumber Co. v. Pope, Fla.1961, 127 So.2d 441; McBurnette v. Playground Equipment Corp., Fla.1962, 137 So.2d 563.

. Note 2, supra.