183 So.2d 269 (1966)
Laura Angell COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. G-243.
District Court of Appeal of Florida. First District.
February 22, 1966.
*270 Mahon & Stratford, Jacksonville, for appellant.
Earl Faircloth, Atty. Gen., and William D. Roth, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
This is an appeal from a judgment of guilty of manslaughter through the operation of a motor vehicle while intoxicated, entered in the Criminal Court of Record of Duval County.
The only point raised and argued by the appellant is:
"Did the trial judge commit prejudicial error in allowing the doctor to testify that the blood test consented to by appellant indicated the appellant was intoxicated where timely objection was made by defendant that the evidence was privileged under 317.171 F.S.A.; and where the officers testified that the sole purpose of taking the blood test was to complete the accident report; and where the Florida Highway Patrol accident report (FHP-3) that is made privileged by the Statute requires an answer to the question of intoxication?"
There is some conflict in the testimony as to the voluntariness of the taking of a blood sample because of the doubtful mental condition of the defendant resulting from her injuries obtained from the accident, but there does not appear to be any doubt but that the officer requesting the blood sample was doing so for the purpose of completing his accident report as required by chapter 317 Florida Statutes, F.S.A., as can be shown by the officer's answers to interrogatories propounded by defense counsel as follows:
"Q. Let me ask you another question, officer Taylor: Was this request of yours for a blood-alcohol test a continuing part of your investigation of the accident that occurred at Woodland and Lem Turner Road?
"A. When I left the accident scene I went straight to the hospital.
"Q. This was a continuing portion of your investigation of the facts surrounding the accident, is that right?
"A. Right.
"Q. And any conversation you had with Mrs. Cooper at the time was in conjunction with your investigation of the accident, is that correct?
"A. That's right, pertaining to the accident.
"Q. Did you subsequently fill out an accident report?
"A. I did.
"Q. And this was as a result of your investigation and your conversations with Mrs. Cooper and the investigation of the scene of the accident?
"A. We actually filled out the copy of the accident report afterwards, but I had my scratch record.
"Q. Well, these statements you took from Mrs. Cooper were all for the purpose of your accident report, making your subsequent report, is that right?
"A. Yes."
*271 Subsequent to the above questions and answers, the officer apparently attempted to impeach the effect of his prior statements, by claiming that he warned the defendant that the results of the blood-alcohol test could be used against her. The officer did not, however, ever tell the defendant that he was through with his investigation for the purpose of making his reports of the accident, and therefore the effect of his statements must stand. F.S. Section 317.131, F.S.A. requires every law enforcement officer who, in the regular course of his duty, investigates a motor vehicle accident, of which a report must be made as required by this section, either at the time of and at the scene of the accident, or thereafter on interviewing participants or witnesses shall within 24 hours after completion of such investigation, forward a written report of such accident to the department.
It appears from officer Taylor's testimony that he was continuing his investigation for the purpose of making his report when he requested of the defendant that she permit the doctor to draw some blood from her to make a blood-alcohol test. This is strongly supported by officer Taylor's statement to the defendant's husband as appears on pages 21 and 22 of the transcript of testimony filed before this court, wherein we find this statement of officer Taylor in response to a question from the Court. Question by the court: "What was your conversation with Mr. Cooper? A. I met Mr. Cooper at the front door and I asked him if he was Mr. Cooper and he said yes. I told him I was there finishing up the information that I needed for my report and I told him that we would like to get a blood sample and told him exactly what it would prove one way or the other and I told him I had already asked her (the defendant) and she wanted to wait until he got there, and he went in and talked to his wife and then we asked her again and said okay and * * *".
Section 317.171, Florida Statutes, F.S.A., reads as follows:
"317.171 Accident reports confidential. All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or, upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirements that such a report be made to the department." (Emphasis supplied).
The Supreme Court of Florida has given us a very clear interpretation of Sections 317.131 and 317.171 and the correct application thereof in Stevens et al. v. Duke et al., Fla., 42 So.2d 361. In the cited case, a highway patrolman stationed in Martin County, where the accident happened, requested a highway patrolman stationed in Palm Beach County, where the driver involved was hospitalized, to interview the driver, who was driver of the plaintiff's vehicle, and secure from him a written statement concerning the details of the collision. This was done and the written statement forwarded to the patrolman in Martin County to enable that patrolman to complete his accident report to be filed with the Department of Public Safety. It is not shown that such statement *272 was ever incorporated in the report by the Martin County patrol officer or not. When the case came on for trial in the lower court, the defendant called the patrolman from Palm Beach to testify as to the substance of the statement made to him by plaintiff's driver. The plaintiff objected to this on the ground that the statements made by plaintiff's driver to the highway patrolman with respect to the accident were privileged and could not be used in any trial arising out of the accident. The objection was sustained. The Supreme Court affirmed the lower court therein, after citing the above statute, saying:
"* * * he gave the patrolman a full account of his version of the accident which was reduced to writing and signed by him. The oral statements made by him were as much a part of the report of the accident as was the written statement prepared by Randall from the oral statements and signed by the driver to be forwarded to Purtle. * * * When the circumstances under which the signed statement was procured are considered, we think that it would have constituted a violation of the statute to have held that though the written statement signed by the driver was privileged, the oral statements shown by the evidence to have formed the basis for the written statement did not enjoy such immunity." (Emphasis supplied).
We believe the decision of the Florida Supreme Court in the foregoing case fixes the law of the case sub judice. There can be no question but that the taking of the blood sample was intended as a part of the investigation for the purpose of completing the report, required of the officer. Further, it was at the insistence and request of the officer that the doctor took the blood sample. This blood sample formed a basis, or at least a portion of the basis for the officer's written report. If the report was inadmissible because of F.S. Section 317.171, F.S.A., then the information obtained by whatever method, if obtained for the purpose of making the report speak the facts, was inadmissible. Therefore it was error for the trial court to admit such evidence to be presented to the jury.
The appellee points out in its brief that the cited cases including Stevens v. Duke, supra, are civil cases. We don't see any distinction being made by the Supreme Court in the case cited supra, inasmuch as the Statute clearly provides that such evidence cannot be used in any trial, civil or criminal.
While we find and so hold that it was reversible error for the trial court to admit in evidence the alcohol-blood test and its attending testimony relative thereto, there was other evidence relative to the sobriety of the defendant at the time of the accident, but whether the State has sufficient such evidence, absent the prejudicial blood test evidence, to sustain a conviction is for the trial court and/or jury to determine.
Therefore, the judgment and sentence of the court below are reversed and this cause remanded for further proceedings not inconsistent with this decision.
Reversed and remanded.
RAWLS, C.J., and STURGIS, J., concur.