SPECTOR, Judge.
This is an appeal from a judgment of guilty on the charge of manslaughter through culpable negligence in the operation of an automobile and a second count of manslaughter through the operation of an automobile while intoxicated. The jury rendered a guilty verdict on both counts.
The death forming the basis of the crimes charged followed a collision between an automobile operated by the appellant and a motorcycle operated by the victim.
The ground relied upon for reversal is the admission into evidence of the results of a blood test over the appellant’s timely objection. The test in question indicated that appellant was intoxicated.
Appellant contends that the blood test result was inadmissible by operation of Section 317.171, Florida Statutes, F.S.A. by which the Legislature has clothed traffic accident reports with a privileged character and prohibited the use of such reports as evidence in any trial, civil or criminal, arising out of the accident. In the case at bar, the officer dispatched to the scene of the accident for the purpose of investigating and reporting on the accident learned from his fellow officers that the motorcycle rider had died at the hospital. *560 He thereupon advised the appellant of the death and that thenceforth the investigation would become criminal and anything appellant said could be used against him. The officer further advised appellant of his right to advice of counsel before making any statement.
Having thusly been advised, appellant was asked by the officer if he would submit to a blood alcohol test and was advised that the results of the test could be used against him in the event manslaughter charges were lodged against him. Appellant consented to the test and the officer told one of his fellow officers to take him to the hospital and to have the blood alcohol test administered to him. The officer in charge of the accident investigation remained behind at the scene after appellant was taken away and continued with the accident investigation by taking certain measurements of distances pertinent to the accident investigation and report as well as the completion of photographs of the collision scene. Although the officer testified that at the time he sent appellant off to the hospital for the blood test he already had in his possession all of the information necessary to complete his accident report, his testimony shows that the investigation continued after appellant’s departure and the fruits of the continuing investigation were reflected in the report of the accident. Indeed, the results of the blood test itself appeared on the accident report.
Appellant contends that the facts here involved clearly place the instant case within the meaning of this Court’s ruling in Cooper v. State, Fla.App., 183 So.2d 269 (1966), wherein it was held that the admission in evidence of a blood alcohol test result is reversible error when “* * * the taking of the blood sample is intended as a part of the investigation for the purpose of completing the report, required of the officer.” (at p. 272)
The State contends in its brief, however, that this case is distinguishable from Cooper, supra, because the defendant was advised of his constitutional right to remain silent and to confer with counsel as well as being advised that the results of the blood test could be used in a criminal proceeding charging him with manslaughter. Put another way, the State contends that the evidence complained of was gained in the course of a criminal investigation, not a traffic accident investigation.
It seems to us that the distinction sought to be made by the State between the instant case and the facts in Cooper v. State, supra, has the effect of placing this case within the rule pronounced in Nash Miami Motors, Inc. v. Ellsworth, 129 So.2d 704 (Fla.App.3d 1961), wherein that court rejected a similar contention by stating:
“But appellee urges that the second report given to officer Fontana was not an ‘accident report’ within the meaning of the statute. He argues that the statement given to officer Fontana was not for the purpose of making an accident report but was for discovery of possible criminal charges which might arise from the accident. From the viewpoint of the person interrogated there is little difference.”
Subsequent to the above decision of the District Court of Appeal, the Supreme Court in dismissing a petition for writ of certiorari in Ellsworth v. Nash Miami Motors, Inc., 142 So.2d 733, 734, identified the question decided affirmatively by the Court of Appeal in the following language:
“The court in this case was faced with the question of whether the statute makes inadmissible a statement given subsequent to initial police inquiries at an accident, prefaced by direct warning of constitutional privileges and possibility of use against deponent, and in response to questioning allegedly for the purpose not of reporting the accident but determining the necessity for criminal charges.”
*561 It thus appears that where a traffic accident , investigation officer advises a person involved in a traffic accident that a statement the driver may make or the result of a sobriety test taken might be used against that driver in a criminal proceeding, such statement or test result is nonetheless made privileged by Section 317.171, Florida Statutes, F.S.A.
It is suggested by appellee’s brief that placing such a construction on the subject statutory provision will have the effect of rendering it difficult to obtain convictions in drunk driving related cases. Yet, this is the precise construction which has been placed on the statute for at least five years with the presumed knowledge thereof by the Legislature. It is that body’s function to determine the relative values of traffic accident statistics and efficacious evidence gathering practices. With its proverbially infinite wisdom, we are not permitted to interfere.
Reversed.
JOHNSON, J., concurs.
WIGGINTON, C. J., dissents.