WIGGINTON, Chief Judge
(dissenting).
The statute with which we are concerned in this case requires the driver of a motor vehicle involved in an accident resulting in bodily injury or death to a person, or damages to property in excess of $50.00, to forward a written report of the accident to the Department of Public Safety of this state. The driver may be required to furnish a supplemental report if such is deemed necessary, and to otherwise cooperate with the Department in its investigation of the vehicular accident.[1]
The public policy motivating the enactment of the foregoing statute is to enable full information regarding vehicular accidents to be secured by law enforcement officers so that it may be utilized in the promulgation and execution of highway safety programs. In order to protect the coercive aspects of the statute against assault on constitutional grounds, it was necessary that the legislature provide that all such reports given to law enforcement officers pursuant to this statute be considered confidential, clothed with a privileged character, and proscribed as evidence in any trial, civil or criminal, arising out of the accident.[2] As stated by this court in Wise v. Western Union Telegraph Company, “ * * * the statute being in part at least designed to protect the constitutional right against self-incrimination, and to facilitate the ascertainment of the cause of accidents, it should not be so strictly construed as to defeat the legislature purpose.” [3]
In view of the public purpose which the statute is designed to serve, it has been repeatedly held by the appellate courts of this state that reports, both written and oral, made by a person involved in a traffic accident, as well as the result of examinations and tests to which he submits in connection with the investigation of such accidents, are privileged and may not be used as evidence in any subsequent litigation arising out of the accident. Since the sole purpose of this statute is to facilitate the acquisition of statistical data to assist in devising highway safety programs, its purpose should not be extended by judicial construction to cover different situations never intended to be covered thereby. As said by this court in the Wise case, supra, “Section 317.171 is in derogation of the common law and should be strictly construed in the sense that no situation should be held within its operation to which the legislature did not clearly intend to accord the privilege.”
*562 Every operator of a vehicle in Florida is presumed to know the law, and be prepared to cooperate with the law enforcement officers in carrying out the purpose and intent of the foregoing highway safety measure. He knows that in return for his cooperation the reports and information he furnishes may not be used as evidence against him in any subsequent litigation. However, once such a person is released from the statutory duty of furnishing further information and reports, or submitting to further examinations or tests in connection with the accident investigation, any statements he may thereafter voluntarily make, or the reports of any tests or examinations to which he may voluntarily submit, should not be clothed with the protection of the statute and should be held to fall completely without its intended ambit. It is only consistent with logic and reason to hold that once a person who is the subject of an accident investigation in which he is involved is told by the investigating officer that he is thenceforth being investigated in connection with a criminal charge which may be placed against him arising out of the accident, that he is entitled to the protection of all rights accorded him by the constitution including the right to remain silent, the immediate right to counsel, and that anything he may thereafter say, or the report of any tests or examination to which he may voluntarily submit, may be used against him in any criminal prosecution arising out of the accident, then under such circumstances the immunity statute loses its relevancy and should no longer be applicable to anything voluntarily said or done by the suspect in the course of the criminal investigation. To construe the statute in any other manner would in my judgment constitute pure sophistry. My construction of the statute is not inconsistent with this court’s decision in Cooper v. State.[4] In Cooper we held only that the report of an alcohol blood test to which the operator of a vehicle involved in an accident voluntarily submitted, which test was made in connection with the investigation of the accident and not in connection with any criminal investigation looking to the prosecution of the involved person, was privileged under the statute and could not be used as evidence in the subsequent prosecution of the driver. If the defendant in Cooper had voluntarily submitted to the alcohol blood test as a part of the criminal investigation against her of which she was fully advised, and after being advised of her constitutional rights, then a different situation would have been presented which would be analogous to the facts in the case sub judice. It is my view that the report of such a test should be admissible under the circumstances shown by this record, and the fact that it may have been also incorporated in the accident report as part of the factual situation surrounding the accident would be wholly immaterial and not affect the voluntary and unprivileged character of the test.
I readily concede that the majority opinion in the case sub judice is in harmony with the decision rendered by the Third District Court of Appeal in Nash Miami Motors, Inc. v. Ellsworth.[5] It is my conviction that the rule of law promulgated in Ellsworth is unsound and does not conform with the intent of the legislature when it enacted the statutes under consideration in this case. I would affirm the conviction appealed.

. F.S. § 317.131, F.S.A.

. F.S. § 317.171, F.S.A.

.Wise v. Western Union Telegraph Company (Fla.App.1965), 177 So.2d 765, 767.

. Cooper v. State (Fla.App.1966), 183 So.2d 269.

. Nash Miami Motors, Inc. v. Ellsworth (Fla.App.1961), 129 So.2d 704.