DREW, Justice.
Petition for writ of certiorari in this cause has been granted on the ground of alleged conflict with the decision in Cooper v. State, Fla.App.1966, 183 So.2d 269, holding that a blood alcohol test made at the request of an investigating officer is inadmissible in evidence when it can be considered “a part of the investigation for the purpose of completing the report” which is privileged under F.S. Sec. 317.171, F.S.A.
The opinion of the district court in the present case, 193 So.2d 453, states the facts upon which verdict and judgment for plaintiff (petitioner) was rendered in a negligence action arising out of an automobile accident. The appellate court reversed because of error in exclusion of results of a blood alcohol test on constitutional grounds, but the opinion made no express disposition of the alternative ground upon which the evidence was excluded, stated by the trial court as follows:
“ * * * The other reason is that this obviously, although Dr. Sidell skirted the issue as rapidly and as widely as possible where he was requested by the investigating officer to make this test and it’s contrary to the provisions * * * [of Chapter 317, F.S.]”.
In the light of the record before us and the ambiguities apparent in the above quoted statement, we conclude the trial court did not find affirmatively that the investigating officer requested the test. Certainly the evidence does not sustain such a finding or otherwise permit application of the statutory exclusion under previous cases, absent any record showing *715 that the investigating officer directly or indirectly required, obtained or utilized the test results.
The appellate decision requiring admission of the evidence therefore does not conflict with Cooper, supra, or other cited decisions, and we must discharge the writ as improvidently issued.
Cross-petition by respondent was filed pursuant to stipulation of the parties extending the 20-day period prescribed by F.A.R. 4.5, subd. c(3), 32 F.S.A., following the petition in this cause. We have considered the evidentiary issues presented by respondent and find no ground for relief. The cross-petition should accordingly be denied.
It is so ordered.
CALDWELL, C. J., and THOMAS and ROBERTS, JJ., concur.
THORNAL, J., agrees to conclusion.