212 So.2d 910 (1968)
STATE of Florida, Appellant,
v.
Clyde Arnold THOMAS, Jr., Appellee.
No. J-473.
District Court of Appeal of Florida. First District.
July 30, 1968.
Rehearing Denied August 20, 1968.
Earl Faircloth, Atty. Gen., David U. Tumin, Asst. Atty. Gen., and S. Thompson Tygart, Jr., Asst. State Atty., for appellant.
Mahon & Mahon, Jacksonville, for appellee.
JOHNSON, Judge.
This is an appeal from an order of the Criminal Court of Record, Duval County, Florida, suppressing evidence obtained from a blood alcohol test.
It appears that appellee was being prosecuted on an information charging manslaughter, in two counts, one charging culpable negligence in the operation of an automobile and the other count charging the appellee with driving while under the influence of intoxicating liquors, resulting in the death alleged.
Appellee made a motion to suppress the results of a blood alcohol test made on the appellee about two hours after the accident in question. The trial court entered its order holding that "the evidence of the results of the alcoholic blood test are inadmissible by operation of Section 317.171, Florida Statutes, F.S.A., and under the cases of Cooper v. State of Florida [Fla.], 183 So.2d 269, and Edwin Franklin Coffee, Jr. v. State of Florida [Fla.App., 205 So.2d 559], rendered December 14, 1967 * * *"
The State has appealed this order.
Subsequent to the oral arguments had before this Court in the case sub judice, the Supreme Court of Florida has reversed the decision of this court in the Coffee case, supra, by an opinion in which the Cooper case supra, was affirmed, by reference, and in which it appears that the fine points of distinction between the Cooper case and the Coffee case hinged upon the fact that the information obtained by the officer in the Cooper case was admittedly for the purpose of completing the accident report as required by Section F.S. 317.131, F.S.A., whereas in the Coffee case, the Supreme Court said there was no doubt that the accident report *911 phase of the investigation had ended and that the blood test was being given to him (the defendant) in connection with the charge of manslaughter.
In the case sub judice, the facts are so closely aligned to the facts in both the Coffee case and Cooper case, that it is doubtful that this Court would have upset the decision of the trial court had he denied the defendant's motion to suppress. The State contends that there is no question but that the officer whose testimony is in question was through with his investigation for making the accident report as required by Section 317.131, and was proceeding on a new phase, namely, investigation for prosecution under the charges of manslaughter which were later filed. In fact, on direct and redirect examination of the officer, the appellant's contention is supported by the direct statement of such officer to that effect; but, when placed on cross-examination, the officer practically contradicted his own testimony, as shown by his answer as revealed at page 9 of transcript of testimony as follows:
By defense counsel to the officer-witness:
"Q. You were still completing the accident investigation report in the hospital; is that correct?
By the witness:
"A. Right."
Also, we find the further proceeding on cross-examination:
"Q. In other words, the accident investigation report was still being completed when you talked to him at the hospital?
"A. Well, we have to, when they take them from the scene before we have a chance to question them."
There was also some doubt as to when the blood alcoholic test was made, that is, before or after the consent was given. This leaves open also the question of whether the accident report had been made before the blood was taken.
It is not within the province of this Court to retry the issues involved in a trial, and where there appears conflicting evidence before the trial court, and the trial court resolves the conflict one way or the other, this Court will not interfere with the determination of the lower court. In the case sub judice it is apparent that the lower court determined that the results of the blood alcohol test did in fact enter into the accident report as required by Section 317.131, and therefore became inadmissible because of the provisions of F.S. Section 317.171, F.S.A.
There being sufficient conflict between the officer's testimony as given on direct and cross-examination to support the finding of the trial court, we are constrained to agree with the trial court and Affirm the order appealed from.
Affirmed.
RAWLS, Acting C.J., and SPECTOR, J., concur.