WALDEN, Judge
(dissenting):
I respectfully dissent.
A citizen is involved in a motor vehicular mishap. A police officer comes to the scene and questions the citizen. The citizen must, under penalty of law (it’s a misdemeanor under F.S. 317.701, Laws of 1971, to refuse), furnish the information. He must do this at the scene at once, without reflection, even though the information may be incriminating as to a criminal offense and further incriminate him as to civil claims. He must do this even though he may be excited and in a state of shock. He must do this without the benefit of his counsel’s presence and advice. He must do this regardless of his constitutional rights, immunities and privileges. Why must he do this? Because the Legislature of this state has so commanded in Chapter 317 F. S., entitled Regulation of Traffic on Highways, and because it is in the interest of the public welfare and highway safety.
And what safeguards has the Legislature returned to the citizen in return for the law abiding citizen’s cooperation ? (But for the above statute, each and every citizen would be fundamentally well advised from a personal and selfish point of view to remain absolutely mute at an accident scene). The Legislature enacted F.S. 317.-171, F.S.A. as follows:
“All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or, upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirements that such a report be made to the department.” (Emphasis supplied.)
It could not be more specific — more unequivocal — more emphatic — or more comprehensive. It tells the citizen and all concerned that the information so given shall:
1. be without prejudice to the citizen,
2. be held confidential; and
3. not be used as evidence in any trial, civil or criminal.
It seems to this writer that a bargain has been struck by the citizen and his government, and that when the citizen does his part he had the absolute and unabridged right to expect that the state (and this *406 means the court system, too) will do its part and follow its own law. If it is not to be, then all should find it out here and now so that a new appraisal can be gained and new protective methods forged.
What happened here? A citizen was involved in a wreck and, true to the statute, gave the investigating officer information for the accident report. What happened next? Regardless of the provisions of F.S. 317.171, F.S.A., supra, and over the citizen’s objection, the accident report information was received in evidence. Thus, the information forced from the citizen under penalty of law was used to the prejudice of the citizen — was not kept confidential—and was received in evidence at trial.
It is my firm view that this refusal to comply with the statute was reversible error of the truest sort. I would remand for a new trial and thereby uphold the statute and tell Bench, Bar and the general public that here the Legislature said what it meant and meant what it said — and that the courts of this state were going to hon- or and follow this clear expression of law. It’s not a difficult thing — it simply keeps the relationship between state and the people in fair balance.
How does the majority avoid this clear legislative mandate? It recognizes and agrees that the trial court erred in ignoring the statute. However, it says that the error was harmless since the information was merely cumulative to some information that the citizen had given to his employer.
My respectful answer is several fold:
1.I do not think the harmless error doctrine is applicable to violations of this protective statute. The clear, imperative and repetitive provisions of the statute admit of no contrary “construction.” They indicate a legislative intent that the provisions should be followed unfailingly in each instance. Is there no way the Legislature can draft a law which the courts will follow with faith and credence? If there is, then certainly this one by its language and under the terms of Chapter 317, supra, qualifies.
2. The lack of prejudice is the bedrock of the harmless error proposition. But here we have two additional commands, additional to the requirement that such information shall not be used to the prejudice of the citizen. They are that same shall not be used at any trial and same shall be held confidential. Are these two legislative expressions to be emasculated and stripped of weight and meaning?
3. All know that it is relatively impossible to conduct an error free trial. There are bound to be trifling errors and infringements upon obscure case and statutory law requirements which no reasonable man could be heard to say were of any moment. For instance, the hearsay rule is commonly violated without penalty. However, the nuances and background of the instant statute remove it completely from such categories in my judgment. It would be far simpler and fairer to merely give the statute its common and obvious meaning and absolutely exclude such reports from trial evidence. Such approach would safeguard the citizen and ease trial court duties. Trial judges will not have to ponder if the report is cumulative or harmless, but will simply be on notice, as they already should be, that such reports should be excluded from evidence.
4. Obviously, the accident report will concern the accident and with equal obviousness, the trial evidence will center upon the accident. It is almost inconceivable that the accident report and the trial evidence would not be cumulative each of the other. Thus, to say that the legislative mandate is to be ignored where the evidence is cumulative is tantamount to a simple destruction of the statute.
5. Assuming the harmless error doctrine is available, I do not feel the use of *407 the report here can be deemed harmless. Neither am I sure that it was cumulative.
The witness was asked whether he saw a certain truck cross the highway centerline prior to impact. The answer was negative. The lawyer then used the accident report to impeach the witness as he had apparently told the investigating officer a different account. Then the whole report was placed in evidence.
In my opinion this procedure seriously undermined the credibility of the witness before the jury and prejudiced him. The fact that he told a police trooper a different story at the accident scene could not help but make a deep impression and probably lead the jury to think that the witness was lying to them at trial. It seems to me that the fact that he told his employer some time later that the truck did cross the centerline before impact would not have nearly the damaging effect and would be more susceptible of qualification and explanation.
I would reverse upon authority of Stevens v. Duke, Fla.1949, 42 So.2d 361; Herbert v. Garner, Fla.1955, 78 So.2d 727; Wiggen v. Bethel Apostolic Temple, Fla. App.1966, 192 So.2d 796, reversed on other grounds, Fla. 1967, 200 So.2d 797, vacated, Fla.App.1967, 201 So.2d 911; Ippolito v. Brener, Fla.1956, 89 So.2d 650; Nash Miami Motors, Inc. v. Ellsworth, Fla.App. 1961, 129 So.2d 704; Southern Life & Health Insurance Co. v. Medley, Fla.App. 1964, 161 So.2d 19; Glens Falls Insurance Co. v. Gray, 5th Cir. 1967, 386 F.2d 520; St. Germain v. Carpenter, Fla.1956, 84 So. 2d 556; Kaplan v. Roth, Fla.1956, 84 So.2d 559; Smith v. Frisch’s Big Boy, Inc., Fla. App.1968, 208 So.2d 310. For a contrary view which approved the admission of accident reports into evidence simply because cumulative or as a matter of harmless error, see Sea Crest Corp. v. Burley, Fla. 1949, 38 So.2d 434; Williams v. Scott, Fla.App. 1963, 153 So.2d 18.
I would reverse and remand for a new trial.