MAGER, Judge
(dissenting) :
The state appeals an order granting the defendant’s motion to suppress the results of certain blood tests taken to determine alcohol content. Defendant, who had been charged with manslaughter by culpable negligence and driving while under the influence of alcoholic beverages or controlled substance, contended that the blood test was taken by investigating officers for the purpose of making an accident report and formed the basis of that report and consequently was subject to the statutory exclusion under section 316.066(4), F.S.
Upon review of the factual circumstances surrounding the administering of the blood tests it is my opinion that the trial court erred in suppressing the blood test results and the order of suppression should be reversed. That evidence in the record reflects that the blood test was orally requested by a homicide investigator but that the formal written authorization was signed by the accident investigator while at the hospital. There, obviously, were simultaneous investigations underway and the mere fact that the accident investigator utilized the results of the blood test in his accident report would not determine the admissibility of the test results into evidence in a criminal proceeding.
The test for statutory exclusion under sec. 316.066 and as enunciated in State v. Mitchell, Fla.1971, 245 So.2d 618, 623, is:
“whether the information sought to be excluded was taken by the investigating officer for the purpose of making his accident report and formed a basis for that report. The mere fact that the report is *59 filed or completed subsequent in time to the taking of the blood alcohol test, does not justify an inference that the results of the test were taken for, or formed a basis for, the report. In the Coffey case [State v. Coffey, Fla., 212 So.2d 632] supra, this Court distinguished Cooper v. State [Fla.App., 183 So.2d 269], a case holding blood test results inadmissible, on the grounds that the blood test in Cooper was taken by the investigating officer for the ‘declared purpose’ of completing his accident report.”
The homicide investigator specifically testified that he had requested the blood alcohol test; and the accident investigator by his testimony confirmed this. True, the evidence showed that the accident investigator was conducting an accident investigation and was in the process of preparing an accident report. But in my view this “does not justify an inference that the results of the test were taken for, or formed the basis for, the report.” State v. Mitchell, supra.
Where simultaneous accident and homicide investigations are underway blood test results ordered by the homicide investigator, although utilized by an accident investigator in the preparation of the accident report, are not subject to the statutory exclusion under sec. 316.066.
While recognizing the mandatory duty imposed upon the driver of a vehicle to furnish an accident report, this statutory requirement was not intended “to have the effect of shielding a person suspected of committing a crime in the operation of a motor vehicle from any investigation whatsoever”. State v. Mitchell, supra. Accordingly, I would reverse the order of suppression.