PER CURIAM.
The two judgments here appealed by Jerome E. Curley relate to a real estate commission and the profits that Jerome E. Curley and Sue Curley, his then wife, made' in a real estate transaction. The judgment in the cause instituted by George A. Simon is not actually at issue on this appeal except insofar as the final judgment therein resulted from the trial of the same issues in the dissolution of marriage proceedings.[1]
Appellant does not controvert the findings of the trial judge that his marriage to Sue Curley is irretrievably broken. The appellant presents nine questions which he argues as points on appeal. Six of these questions challenge findings of the trial judge contained in the following paragraph of the final judgment.
“3. Both Sue G. Curley and Jerome E. Curley were and are the joint owners of that certain account, Account No. 411 — 3—675, in the First State Bank of Miami, and each are entitled to one-half of the proceeds of said account subject, however, to the requirement that the sum, which would otherwise be due each of the parties, be reduced by such amount withdrawn by each of the parties pursuant to that certain stipulation, dated April 26, 1974, between the parties and filed in this cause on April 29, 1974. In this regard it is the finding of the Court that the parties worked in concert on the real estate transactions which resulted in the creation of said account; that the wife by virtue of her participation has a special equity in said account; and, that the parties should share jointly in the real estate commission which would otherwise be due the said Sue G. Curley.”
The essence of appellant’s argument as we' understand it is presented in the first paragraph of the conclusion to his brief. It is as follows:
“The undisputed documented facts show a ‘possible’ situation of property transfer under duress or undue influence. Where such is the case, and where even meager proof of the actual threat and demand and transfer under such condition, is given by the party claiming duress, the Court should require proof that duress did not in fact affect the transfer. The Courts do this in essence when the relationship is a fiduciary or confidential one. The Court should also do this when the situation indicates the possibility of duress even if the fiduciary and confidential relationship does not apply. The reasoning for such similarity in required proof is obvious. If duress or undue influence is presumed by a relationship and must be disproven so should it be presumed when the possible duress has been proven. In the cause at issue, burden of proof that duress did not influence the transfer has not been given.”
We do not believe that the law of the State of Florida would support a holding *118 that “possible duress” rendered improper the trial judge’s finding that the asset represented by the funds in the joint bank account was the joint asset of the husband and wife. We, therefore, decline to reverse on that basis. See State v. Thomas, Fla.App.1968, 212 So.2d 910.
Appellant’s three remaining points all attack the trial judge’s determination that appellant should pay the costs of the proceedings and an attorney’s fee for the wife’s attorney. No attack is made on the amount of the moderate fee allowed. Our review .of the record convinces us that there is sufficient evidence as to appellant’s worth to justify the exercise of the trial court’s discretion under Fla.Stat. § 61.16.
Affirmed.

. The suit instituted by George A. Simon was finally terminated by an order of dismissal in which the court recited :
“All remaining issues in the above-captioned cause having been resolved by this Court’s entry of FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE in Case No. 74-10833, it is the judgment of this Court that this cause be and the same is hereby dismissed with prejudice.”