WENTWORTH, Judge,
dissenting.
I respectfully disagree with the conclusion of the majority and would affirm the trial judge’s ruling that the field sobriety test results may not be admitted into evidence in this case.
*704 Section 316.066(4), Florida Statutes, provides:
All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting .... No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident. . . .
This statutory exclusion has been held applicable to the results of physical tests. See Cooper v. State, 183 So.2d 269 (Fla. 1st DCA 1966); and State v. Coffey, 212 So.2d 632 (Fla.1968). The relevant inquiry is whether the information sought to be excluded was obtained for the purpose of making an accident report. State v. Mitchell, 245 So.2d 618 (Fla.1971).
The present case does not involve “non-elicited” observations; instead, the information sought to be excluded was the result of required responses pursuant to a field sobriety test which the trial judge correctly found was conducted by the officer for the purpose of making an accident report. Section 316.066(4), Florida Statutes, therefore in my opinion precludes the use of such evidence at this civil trial arising out of the accident. Mitchell and Cooper, supra. I would affirm.