397 So.2d 939 (1981)
STATE of Florida, Appellant,
v.
Roosevelt EDGE, Appellee.
No. 79-222.
District Court of Appeal of Florida, Fifth District.
April 8, 1981.
Rehearing Denied May 8, 1981.
*940 Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for appellant.
John A. Baldwin of Baldwin & Dikeou, Fern Park, for appellee.
ORFINGER, Judge.
Appellee was charged with manslaughter under section 860.01(2), Florida Statutes (1979), (causing the death of a human being by virtue of driving a motor vehicle while intoxicated.) The trial court granted a motion to suppress a blood sample taken from appellee, and the State appeals.[1]
Appellee was involved in a motor vehicle accident in the early morning hours of October 22, 1978. When the accident was reported, Highway Patrol Trooper Morris was dispatched to investigate the accident and Trooper Barley was dispatched to control traffic and handle spectators. Later, Trooper Gill, a homicide investigator, was called from home at about 4:30 A.M. to investigate the death of the occupant of the other vehicle.
When Trooper Gill arrived at the scene, appellee had already been removed to the hospital, but because of information relayed to him by Trooper Morris and because of beer cans found in appellee's vehicle, Trooper Gill, as homicide investigator, asked Trooper Barley to go to the hospital to obtain a blood sample from appellee.
When Barley arrived at the hospital, he located appellee and asked for his permission to cause a blood sample to be drawn. Barley advised appellee that his consent was needed before the sample could be drawn and that he was not required to give his consent. Barley did not place appellee under arrest, and although not specifically advising appellee of the death of the other driver, he told appellee that he was requesting *941 the blood sample for the homicide investigator and that the sample would be taken for possible criminal charges against appellee, depending on the outcome. Appellee told Barley that he wanted to be of assistance and gave his written consent to the test. An analysis of the blood sample taken at the hospital revealed a content of alcohol by weight at .30 percent.[2]
The order granting appellee's motion to suppress was based on what the trial judge perceived to be the privilege accorded by section 316.066, Florida Statutes, and the application to the facts of this case of the following cases: Cooper v. State, 183 So.2d 269 (Fla. 1st DCA 1966); State v. Coffey, 212 So.2d 632 (Fla. 1968); Coffey v. State, 205 So.2d 559 (Fla. 1st DCA 1968); and Elder v. Ackerman, 362 So.2d 999 (Fla. 4th DCA 1978).
Reviewing the cases relied upon by the trial court, we find them easily distinguishable on their facts. In Cooper v. State, the blood sample taken from the defendant was taken for the express purpose of completing the investigating officer's traffic accident report.[3] It was requested by the officer investigating the accident. The court held that the report was made confidential by the applicable statute, so the information used as a basis for making the written report was confidential also.
In Coffey v. State, 205 So.2d 559 (Fla. 1st DCA 1967), relying on Cooper, the court held that evidence of the alcoholic content of a blood sample was inadmissible even though consented to by defendant, because the test was requested by the officer investigating the accident, notwithstanding the advice by the officer that he was now making a criminal investigation. The Supreme Court reversed, State v. Coffey, 212 So.2d 632, pointing out the reasons for the rule, saying:
It is well settled that the statements made by the driver of a vehicle (or the owner or an occupant if the driver is incapacitated, sec. 371.141, Fla. Stat., F.S.A.) to the investigating officer following an accident, relating his version of the accident and forming the basis for the investigating officer's report to the Department of Public Safety, are sufficient to discharge the driver's statutory duty insofar as the written report required by Sec. 317.131(1), supra, is concerned. See Stevens v. Duke, Fla. 1949, 42 So.2d 361; Herbert v. Garner, Fla. 1955, 78 So.2d 727. And it is only such statements  that is, those that the driver of the vehicle (or owner or occupant) is compelled to make in order to comply with his statutory duty  that are clothed with statutory immunity under Sec. 317.171, supra. (emphasis supplied).
* * * * * *
There is nothing in Cooper v. State, supra, 183 So.2d 269, relied upon by the appellate court in the instant case, which requires a different conclusion. In that case the same appellate court which rendered the decision sub judice was concerned with the admissibility of the results of a blood alcohol test that was taken by the investigating officer for the declared purpose of continuing his investigation of the accident and completing his accident report.... (emphasis supplied).
212 So.2d at 634. The court then explained that absent compulsion and when consent was shown, the result of a medical examination of an accused taken for purposes of prosecution was admissible. It then held that even when done by the same officer, where it was clearly made to appear to the defendant that the officer's traffic investigation had ceased and he had "changed hats" and was now a criminal *942 investigator, the evidence resulting from the criminal investigation was as "admissible in this type of case as in any other." 212 So.2d at 635.
The other case relied on by the trial court was Elder v. Ackerman, and this case is less like the case sub judice than any other. There, the statements made by the defendant to one of the officers at the accident scene were attempted to be introduced to impeach him, and the evidence revealed that no attempt was made to advise him that the accident investigation had ended and a criminal investigation had begun. The court correctly held that since the report was required of defendant, he was entitled to the protection of the statute making his report inadmissible. Those facts are not present here.
The statute making accident reports privileged and thus inadmissible was designed to protect the constitutional right against self incrimination, while at the same time requiring persons involved in accidents to make a true report thereof. Coffey, 212 So.2d at 635. Blood tests are not testimonial evidence protected by either the fourth or fifth amendments. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Neither is it necessary that an accused be placed under arrest before the blood can be drawn for testing. State v. Mitchell, 245 So.2d 618 (Fla. 1971).[4] In addressing the privilege of the accident report, the Supreme Court made clear what it had said in Coffey, that:
The test for the statutory exclusion under Florida Statutes § 317.171, F.S.A., is whether the information sought to be excluded was taken by the investigating officer for the purpose of making his accident report and formed a basis for that report. The mere fact that the report is filed or completed subsequent in time to the taking of the blood alcohol test, does not justify an inference that the results of the test were taken for, or formed a basis for, the report. In the Coffey case, supra, this Court distinguished Cooper v. State, a case holding blood test results inadmissible, on the grounds that the blood test in Cooper was taken by the investigating officer for the "declared purpose" of completing his accident report. (emphasis supplied).
Mitchell, 245 So.2d at 623.
One more distinction is worthy of note. Apparently our Supreme Court has sanctioned the drawing of blood for testing of alcohol content even in the absence of consent, Mitchell, supra; Filmon v. State, 336 So.2d 586 (Fla. 1976), cert. dismissed, 430 U.S. 980, 97 S.Ct. 1675, 52 L.Ed.2d 375. So long as there is not an affirmative refusal to take the test. Sambrine v. State, 386 So.2d 546 (Fla. 1980). Even the failure to advise the driver of his right to refuse is no impediment to the lawful administration of the test. Id.
With certain very limited exceptions, the privilege accorded by section 316.066, Florida Statutes (1979), and its predecessors applies only to "statements" the driver is compelled to make in order to comply with his statutory duty and the statute, being in derogation of common law, must be strictly construed "in the sense that no situation should be held within its operation to which the Legislature did not clearly intend to accord the privilege." State v. Coffey, supra, at 635. The cases which have considered this question hold that the result of a blood alcohol test of a driver of a motor vehicle is not admissible (assuming that the testing procedure itself is otherwise valid) only under these very narrowly defined limits: (a) where the blood is taken by or at the request of the officer making the traffic investigation for the purpose of making his accident report and it forms the basis for the report, State v. Mitchell, supra; or (b) the driver affirmatively refuses to take the test and it is nevertheless done over his explicit refusal. Sambrine v. State, supra. These cases have drawn a very limited exception to the rule that only testimonial statements are privileged under the reporting statute, and courts should not extend this exception further *943 without a clear express from the Legislature that it intended to extend the privilege that far. See Woodward v. Duval Motor Co., 391 So.2d 700 (Fla. 1st DCA 1980).
Neither of the circumstances giving rise to the privilege exists here. The trooper who arranged for the taking of the blood sample was dispatched to the hospital by the homicide investigator. Neither he nor the homicide investigator was responsible for making the traffic accident report, which duty was assigned to still another trooper. Appellee was specifically told that the blood sample was needed for the homicide investigator and that criminal charges might result, depending on the outcome of the test. Appellee gave his written consent to the test, and it was thus error for the trial court to suppress the results. The order suppressing the blood sample is reversed, and the case is remanded to the trial court for further proceedings.
REVERSED and REMANDED.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] Fla.R.App.P. 9.140(c)(1)(B).
[2] Section 322.262(2)(c), Florida Statutes (1979) states that a finding of .10 percent or more by weight of alcohol in a person's blood is prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired.
[3] "There can be no question but that the taking of the blood sample was intended as a part of the investigation for the purpose of completing the report, required of the officer" (emphasis in original). 183 So.2d at 272.
[4] Of interest is the statement in Mitchell that the defendant did not give his consent to the extraction of blood, whereas in the case sub judice the defendant gave his written consent.