# PARSONS v STATE OF FLORIDA
## Case No. 90-012A-AC
Eleventh Judicial Circuit, Dade County
November 28, 1990

### APPEARANCES OF COUNSEL

**Edward C. Vining, Jr., Esquire** and **Thomas B. Scott,** P.A., for appellant.

**Robert A. Butterworth,** Attorney General, for appellee.

Before HENDERSON, ROBINSON, KAHN, JJ.

### OPINION OF THE COURT

ROBINSON, J.

The defendant was charged with leaving the scene of an accident and

improper change of lanes. At trial no eye-witness identification was made of the defendant. The defendant's identity was established when the police officer read the defendant her Miranda rights and questioned her during his investigation of the accident. Contrary to the State's assertion in its brief, the police officer testified that he did not finish his accident investigation until the moment of the defendant's arrest. (T-37)

Reading a subject Miranda rights does not take away from a person involved in an accident his or her statutory privileges to give information, during the accident investigation stage, without its use in a civil or criminal trial. *Nash Motors Inc. v Ellsworth,* 129 So.2d 704 (Fla 3d DCA 1961); section 316.066(4) Florida Statutes (1989). Cases cited by the State involved a predecessor of that statute which allowed exceptions when identity was denied or was otherwise unknown. See *Combs v State,* 436 So.2d 93 (Fla. 1983). These exceptions no longer exist. A defendant must be alerted that the accident report phase has ended. *Martinez v State,* 425 So.2d 181 (Fla. 3d DCA 1983).

Both convictions are reversed and remanded to discharge the defendant.

HENDERSON, KAHN, JJ. concur.