374 So.2d 636 (1979)
The STATE of Florida, Appellant,
v.
Mitchell Lewis BATTLEMAN and Theresa Garcia Hayes, Appellees.
No. 78-2259.
District Court of Appeal of Florida, Third District.
August 21, 1979.
Janet Reno, State's Atty. and Theda R. James, Asst. State's Atty., for appellant.
Snowden, Kornreich & Migdall and Charles H. Snowden, Arthur Massey, Miami, for appellees.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
This is an appeal by the State from an order granting a motion to suppress evidence seized by officers from the defendants' suitcases and a handbag at the Miami International Airport. The trial judge set out extensive findings of fact in his order entered at the conclusion of all the evidence at the hearing on the motion to suppress. These findings are: (1) that the initial stop of the defendants was unlawful; (2) that the bags were seized prior to arrest without probable cause. He thereupon held that the subsequent search was without warrant and without consent and, therefore, illegal.
*637 On this appeal, the State seeks reversal as to both defendants upon argument (1) that the detectives' initial contact did not amount to a stop and, therefore, was not unreasonable; (2) that the 15-minute detention of the two suitcases while investigation was made was not unreasonable.
In reviewing the findings of a trial judge on a motion to suppress, the findings must be accepted by the appellate court if the record reveals evidence to support the findings. Rodriguez v. State, 189 So.2d 656 (Fla. 3d DCA 1966); Wigfall v. State, 323 So.2d 587 (Fla. 3d DCA 1975). Reviewing the record in the instant case, we believe that the trial judge had an evidentiary base for his findings. The initial contact of the detectives was with defendant Battleman. He was stopped as he proceeded to his plane and interrogated. At the same time, two suitcases that he had checked were removed from the conveyor to the baggage loading platform. The State suggests that the stop for investigation was justified by the fact that Battleman seemed nervous; he had arrived two days previously from San Francisco with one of the same bags; and his ticket showed that he had paid for it in cash. The trial judge's conclusion that these facts were not sufficient to meet the test that the police must be able to articulate an objective reasonable basis for belief that a crime has been, will be, or is being committed is supported by applicable law. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1969); U.S. v. Ballard, 573 F.2d 913 (5th Cir.1978).
Having determined that the initial stop was illegal, the trial judge did not need to go further unless some exception to the search warrant rule was advanced. Mullins v. State, 366 So.2d 1162 (Fla. 1978). Cf. State v. Bisbee, 367 So.2d 1109 (Fla. 3d DCA 1979). See also Taylor v. State, 355 So.2d 180 (Fla. 3d DCA 1978). In the instant case, the State has argued that later consent was given for the baggage search. The evidence on this point is in sharp conflict. The trial judge believed the testimony of co-defendant Hayes that consent was not given, and we cannot say that the trial judge's finding is unreasonable.
We conclude that the State has failed to show error on this record and, therefore, the order is affirmed.
Affirmed.