NESBITT, Judge.
The dispositive point on this appeal is whether the state established that the defendant’s confession was freely and voluntarily obtained after he was in custodial restraint and had exercised his right to counsel. Finding that it did not, we reverse the defendant’s judgment of conviction of first degree arson, order that his confession be suppressed, and remand the cause for a new trial.
The defendant worked at a hotel. He was under surveillance as a suspect in connection with a series of unexplained fires. On February 1,1978, a fire inspector for the City of Miami Beach arrived at the hotel where the defendant was employed. Minutes after the fire inspector’s arrival, an unexplained fire was detected at the hotel. About thirty minutes later, the defendant was taken into custody as a suspect in connection with that fire as well as other unexplained fires. He was placed under formal arrest at approximately 10:15 P.M. on the same evening and given Miranda warnings. It is undisputed that after such advisory he requested assistance of counsel. Despite his request, the initial team of interrogators subjected him to a polygraph examination which he failed. Following the polygraph examination, the defendant was advised of the results. A new team of interrogators assumed responsibility for his further custodial interrogation. This new team of inter *1171 rogators again gave him Miranda warnings and he reiterated his desire for counsel.
Sometime between 4:00 A.M. and 5:00 A.M. on the morning of February 2nd, an effort was made by the police to obtain the public defender’s services on the defendant’s behalf but to no avail. Subsequently, he was given a telephone book in an effort to reach an attorney of his choosing which also failed. At approximately 5:00 A.M. on the morning of February 2nd, the defendant telephoned his father-in-law about obtaining the services of an attorney. Shortly after that conversation, which was the only supportive assistance the defendant received, he allegedly gave a written waiver of his right to counsel and a confession. This was shortly followed by a taped waiver of his right to counsel and a taped confession.
In this case, it is clear that both sets of interrogators had knowledge of the defendant’s desire for counsel. Thus, it is clear from the state’s own witnesses that the defendant continuedly asserted his right to counsel during the more than ten hours that he was in custodial restraint. Consequently, it is also clear that the admission of his confession over objection violated the principles of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Once the defendant requested counsel, there should have been no further interrogation or re-interrogation unless the defendant either had the opportunity to talk with counsel or chose to reinstitute the questioning himself. Rhode Island v. Innes, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975).
This is not a case where the interrogation was terminated after a suspect requested counsel and was later resumed only under circumstances where it was apparent the defendant had changed his mind and desired to make a statement. Rivera Nunez v. State, 227 So.2d 324 (Fla. 4th DCA 1969); see, Michigan v. Mosley, supra. Here, the defendant continuously indicated his desire for an attorney and consequently the state completely failed to show that the defendant thereafter exercised a knowing and intelligent waiver of his right to remain silent. Jones v. State, 346 So.2d 639 (Fla.2d DCA 1977); Singleton v. State, 344 So.2d 911 (Fla.3d DCA), cert. denied, 354 So.2d 986 (Fla.1977).
For the foregoing reasons, the defendant’s judgment of conviction is reversed with directions to grant his motion to suppress the confession and to grant a new trial.
Reversed and remanded.