COBB, Judge.
Appellant Jackson was charged with carrying a concealed firearm. She moved to suppress the evidence on the ground that it had been obtained as the result of an unlawful search and seizure, and when the trial court denied that motion, she entered a plea of nolo contendere and reserved her right to appeal the trial court’s denial of her motion to suppress. Judgment and sentence have been imposed and Jackson has appealed.
At about 1:00 A.M., Orlando Police Officer Robert Newsome saw a black male who matched a robbery suspect BOLO that had been broadcast over the police radio. Appellant Jackson was with the suspect. As Officer Newsome approached, Jackson made a tucking motion behind her. Officer Newsome patted down the suspect, but did not find any weapons on him. While Officer Newsome was filling out a field report, Orlando Police Officer Uvalle arrived with the robbery victim. During a conversation with the officers, the victim identified the suspect and told the officers that there had been a gun. At that point, it clicked in Officer Newsome’s mind that the gun may have been what Jackson had tucked behind her. Officer Newsome searched underneath the back of Jackson’s sweater and found a gun in the back of her pants.
*1117 An individual may not be frisked simply because he is standing next to another individual who is being arrested. Dunn v. State, 382 So.2d 727 (Fla. 2d DCA 1980); Perry v. State, 296 So.2d 505 (Fla. 3d DCA 1974). However, if during a lawful and temporary encounter between a police officer and a citizen, a reasonable ground is formulated to believe that the citizen is carrying a dangerous weapon, a frisk of that citizen’s person is justified to ensure the safety of the police officer. McNamara v. State, 357 So.2d 410 (Fla.1978); State v. Rawlings, 391 So.2d 269 (Fla. 4th DCA 1980); Ingram v. State, 264 So.2d 109 (Fla. 4th DCA), cert. denied, 271 So.2d 141 (Fla.1972). This rule applies to an individual who is accompanying a suspect that the police have stopped. Williams v. State, 294 So.2d 37 (Fla. 3d DCA), cert. denied, 299 So.2d 602 (Fla.1974).
In the case at hand, in light of the facts known to Officer Newsome at the time he decided to search Jackson, the officer had a reasonable ground to believe that the gun was on her person. Therefore, the officer was justified in frisking Jackson in order to find that weapon.
AFFIRMED.
SHARP and COWART, JJ., concur.