424 So.2d 47 (1982)
The STATE of Florida, Appellant,
v.
David Andrew FAVALORO, Appellee.
No. 82-141.
District Court of Appeal of Florida, Third District.
December 7, 1982.
Rehearing Denied January 21, 1983.
Jim Smith, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., for appellant.
Weiner, Robbins, Tunkey & Ross and Geoffrey C. Fleck and Richard A. Sharpstein, Miami, for appellee.
Before HENDRY, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
After an assessment of the totality of the circumstances, Royer v. State, 389 So.2d 1007 (Fla. 3d DCA 1980); Taylor v. State, 355 So.2d 180 (Fla. 3d DCA 1978), the trial court determined that appellee's consent to a search was not voluntary, but instead was induced by an implied promise that he would not be prosecuted. Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed.2d 568 (1897) [A confession must be free and voluntary; not obtained by any direct or implied promises, however slight]; Frazier v. State, 107 So.2d 16 (Fla. 1958) [confessions must be excluded if obtained by declarations calculated to delude defendant as to his true position]; Foreman v. State, 400 So.2d 1047 (Fla. 1st DCA 1981) [officer's statement that the victim was inclined not to prosecute if property were returned clearly constitutes an implied promise calculated to induce a confession]; Hawthorne v. State, 377 So.2d 780 (Fla. 1st DCA 1979) [confession invalid where officer *48 told defendant her giving a statement would eliminate need for further harsh questioning of separately held children]; Fillinger v. State, 349 So.2d 714 (Fla. 2d DCA 1977) [confession induced by promises of leniency was invalid]; cf. Shotwell Mfg. Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357, reh. denied, 372 U.S. 950, 83 S.Ct. 931, 9 L.Ed.2d 975 (1963) [admission of fraudulent disclosures made as a product of an unlawful inducement do not offend the self-incrimination clause of the Fifth Amendment]. Findings made by a trial judge on a motion to suppress must be accepted, where as here the record reveals evidence to support the findings. State v. Battleman, 374 So.2d 636 (Fla. 3d DCA 1979).
Affirmed.
JORGENSON, Judge, dissenting.
I respectfully dissent. I see no difference between the facts presented here and those presented in United States v. Setzer, 654 F.2d 354 (5th Cir.1981). While it is true that we are bound by the factual findings made by the trial judge during the course of the motion to suppress, we are not bound by the legal conclusions drawn from those facts. State v. Riocabo, 372 So.2d 126 (Fla. 3d DCA), dismissed, 378 So.2d 348 (Fla. 1979).
In my view the inculpatory statement, i.e., the admission by the defendant that he possessed a quantity of contraband, furnished probable cause for his arrest, subsequent search and the lawful seizure of one-half pound of cocaine.
I would, therefore, reverse the trial court's order granting the motion to suppress and remand this case for trial. See State v. Beck, 390 So.2d 748 (Fla. 3d DCA 1980), petition for review denied, 399 So.2d 1140 (Fla. 1981).