431 So.2d 651 (1983)
The STATE of Florida, Appellant,
v.
Juan GARCIA, Appellee.
No. 82-1143.
District Court of Appeal of Florida, Third District.
April 26, 1983.
Rehearing Denied June 8, 1983.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellant.
Bennett D. Fultz and Carlos Megias, Miami, for appellee.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
The state appeals the trial court's order suppressing evidence seized from defendant Garcia's home without a warrant. At the suppression hearing, police officers testified that during surveillance of the house, they observed a suspect enter Garcia's home and pursued him. The state argued that the warrantless entry was lawful because the police were "in hot pursuit." Testimony offered by the defendant contradicted the state's position. In his deposition, one officer stated that he saw no one outside the house. Two occupants of the house testified that only police ran inside. Before granting the motion to suppress, the court indicated it was "not even convinced that they were chasing a person... ."
On a motion to suppress, the trial court is the trier of both fact and law. Cameron v. State, 112 So.2d 864 (Fla. 1st DCA 1959). The credibility of the witnesses and the weight of evidence are matters within the province of the trial judge, Reynolds v. State, 222 So.2d 246 (Fla. 3d DCA 1969), whose determinations concerning questions of fact must be accepted by appellate courts if the record supports the findings. State v. Battleman, 374 So.2d 636 (Fla. 3d DCA 1979). Consequently, the trial court's resolution of conflicting evidence will not be disturbed on appeal. State v. Thomas, 212 So.2d 910 (Fla. 1st DCA 1968).
Because we find support in the record for the trial court's decision, we affirm.