441 So.2d 171 (1983)
The STATE of Florida, Appellant,
v.
Robert and Denise STEPHENS, Appellees.
No. 83-275.
District Court of Appeal of Florida, Third District.
November 15, 1983.
Jim Smith, Atty. Gen., and Jack B. Ludin, Asst. Atty. Gen., for appellant.
Harvey S. Swickle, North Miami Beach, for appellees.
Before HENDRY, BASKIN and JORGENSON, JJ.
PER CURIAM.
The state appeals the trial court's order suppressing physical evidence seized from the Stephens' automobile without a warrant. Our review of the record reveals the existence of conflicts in testimony.
It is well-settled that on a motion to suppress, the trial court serves as trier of both fact and law. Cameron v. State, 112 So.2d 864 (Fla. 1st DCA 1959). It is the province of the trial judge to make determinations concerning the credibility of the witnesses and weight of evidence. Ponder v. State, 323 So.2d 296 (Fla. 3d DCA 1975). Because the appellate court must accept the trial court's factual determinations when they are supported by the record, State v. Favaloro, 424 So.2d 47 (Fla. 3d DCA 1982); State v. Battleman, 374 So.2d 636 (Fla. 3d DCA 1979), the trial court's resolution of conflicting evidence will not be disturbed on appeal. State v. Garcia, 431 So.2d 651 (Fla. 3d DCA 1983); State v. Thomas, 212 So.2d 910 (Fla. 1st DCA 1968).
Because we find support in the record for the trial court's order, we affirm.
Affirmed.