464 So.2d 137 (1984)
The STATE of Florida, Appellant,
v.
Wilfredo NAVARRO and Roerme Navarro, Appellees.
No. 83-908.
District Court of Appeal of Florida, Third District.
February 21, 1984.
On Rehearing February 19, 1985.
Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellant.
Arthur E. Huttoe and John H. Lipinski, Miami, for appellees.
Before HENDRY, BARKDULL and DANIEL S. PEARSON, JJ.
On Rehearing En Banc February 19, 1985.
PER CURIAM.
This is an appeal by the State from an order granting a motion to suppress evidence seized from the persons and the automobile of the defendants/appellees.
The trial judge set forth his findings of fact and conclusions of law in the following order:

*138 THIS CAUSE having come before the Court upon the Defendants' Motion to Suppress, the Court having heard Argument of Counsel, having read the Court File and Depositions included therein, having examined and evaluated the demeanor and credibility of the Witnesses presented, and being fully apprised of all pertinent facts, it is hereby:
ORDERED and ADJUDGED the Defendants' Motion to Suppress be granted in that:
1. The original stopping of the Defendants was not reasonable, based upon the testimony the State presented. The facts presented by the State showed only a mere suspicion and not the reasonable suspicion as is required by the Law for such a stop. See § 901.151, Florida Statutes.
2. The group of men of which ROERME NAVARRO was a part were respectable Businessmen containing of [sic] two Newspapermen, an Attorney and a Local Businessman. Their appearance and demeanor justified no suspicion of Criminal Activity.
3. The slight bulge in the suit worn by ROERME NAVARRO did not constitute a reasonable suspicion that he was committing a crime, especially as such a slight bulge was in ROERME NAVARRO'S hip area and could easily have been a wallet or other innocent object. There is no evidence the slight bulge was distinctively shaped like or had the distinctive outline of a Weapon.
4. The Court's Assessment of DETECTIVE DIAZ's demeanor during testimony and the conflicts in his testimony as compared to that of the other Officers compels the Court to doubt that a knowing and voluntary consent to search the car was given. Certainly, the Evidence presented by the State does not show such an informed, knowing and voluntary consent. See Correa vs. State, 389 So.2d 1204 (Fla. 3d DCA 1980).
5. The Court's finding that a voluntary consent is lacking is buttressed by the fact that, although Television Personnel mysteriously arrived at the time of the arrest, this "consent" was not preserved or witnessed by them for posterity.
6. The Court specifically finds the police action violated the Defendants' Right to Privacy as guaranteed by the 23rd Amendment to the Florida Constitution and Article I, § 12 of the Florida Constitution as well as the 4th Amendment to the United States Constitution.
7. As the police action was directed at appropriately-dressed businessmen and as the action was generated by no facts warranting such police intrusion, the police actions in this case were so intrusive as to deny these Defendants, well dressed businessmen innocently walking the Main Streets of Miami, in the afternoon (3:00 P.M.) their Right to Due Process of Law, as guaranteed by both the State and Federal Constitutions.
This finding is based partly on the fact that although only ROERME NAVARRO had a slight bulge in his wallet area, all of the persons in the group were stopped, detained and frisked. The Court finds such "overkill" to be a particularly unjustified limitation on an Individual's freedom and to characterize the unconstitutional overzealousness demonstrated by the Police. See Jackson vs. State, 403 So.2d 1116 (Fla. 5th DCA 1981).
Based on the above Findings of Fact and Conclusions of Law, the Defendants' Motion to Suppress is granted.
* * * * * *
In reviewing the findings of a trial judge on a motion to suppress, the findings must be accepted by the appellate court if the record reveals evidence to support the findings. State v. Favaloro, 424 So.2d 47 (Fla. 3d DCA 1982); State v. Battleman, 374 So.2d 636 (Fla. 3d DCA 1979).
We have concluded that the State has failed to show reversible error on this record, therefore the order appealed is affirmed.
Affirmed.
*139 DANIEL S. PEARSON, Judge, dissenting.
We are not bound to accept a trial court's determination of questions of fact at a motion to suppress hearing when that determination is "clearly shown to be without basis in the evidence or predicated upon an incorrect application of the law." State v. Riocabo, 372 So.2d 126, 127 (Fla. 3d DCA), cert. dismissed, 378 So.2d 348 (Fla. 1979). See State v. Delgado-Armenta, 429 So.2d 328 (Fla. 3d DCA 1983). I dissent because the critical findings in the order under review are absolutely unsupported by any evidence and, as well, incorrectly apply the law.
The unrebutted testimony of Detective Diaz[1] is that he observed one of these respectable, appropriately-dressed businessmen, Roerme Navarro, exit a vehicle and saw a bulge in the small of Roerme's back which "was in the outline of a firearm" (Tr. 8). Diaz then radioed Officer Guaz. The unrebutted testimony of Guaz was that moments thereafter, as Roerme leaned over to open the door of this same vehicle, Guaz saw a "big bulge on the back" of Roerme which appeared to Guaz "to be the butt of a gun or the stock of a gun." It was not until after Guaz made this observation that he approached this respectable, appropriately-dressed businessman, patted him down, felt the gun, raised Roerme's "Eisenhower type jacket," and removed the concealed nine-millimeter Browning. No contact, confrontation, encounter, or stop of Roerme or of the vehicle had been made before Guaz went to frisk Roerme. Thus, it appears without dispute that the trial court's findings that there was a "slight bulge in the suit worn by Roerme Navarro," that the bulge was in Roerme's "hip area," and that "there is no evidence the slight bulge was distinctively shaped like or had the distinctive outline of a weapon" are totally unsupported by the record.
It follows, then, that the trial court's discussion, and the debate between the parties on this appeal, about whether the "stop" of Roerme was based on "mere suspicion" or "reasonable suspicion" completely misses the mark. The police officers' observation of the outline of a firearm amounted to probable cause to believe that Roerme was carrying a concealed weapon, justifying not merely a pat-down, but a search. See People v. Prochilo, 41 N.Y.2d 759, 395 N.Y.S.2d 635, 363 N.E.2d 1380 (1977).[2]
The search of Roerme having revealed a concealed firearm, he was immediately arrested for that offense. Within minutes of Roerme having been placed in custody, the passenger compartment of the vehicle which Roerme had been seen exiting and entering was searched. Since it is now well established that when the police have made a lawful custodial arrest of the occupant of an automobile, they may as a contemporaneous incident of that arrest search the passenger compartment of that automobile even though the arrestee is no longer in it and no longer has ready access to it, New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); Savoie v. State, 422 So.2d 308 (Fla. 1982); Bond v. State, 431 So.2d 343 (Fla. 2d DCA 1983); State v. Brock, 426 So.2d 1287 (Fla. 1st DCA 1983); State v. Padron, 425 So.2d 644 (Fla. 3d DCA 1983); State v. Valdes, 423 So.2d 944 (Fla. 3d DCA 1982), the search of the vehicle which revealed a nine-millimeter MAC-10 and another nine-millimeter *140 Browning was lawful, even if, as the trial court found, it was non-consensual.
Accordingly, I would reverse the order suppressing the weapons found on Roerme Navarro's person and in the vehicle occupied by him and remand the cause for further proceedings against these defendants.

ON MOTION FOR REHEARING EN BANC GRANTED
Before SCHWARTZ, C.J., and BARKDULL, HENDRY, HUBBART, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
PER CURIAM.
The State has moved for a rehearing en banc contending that the majority panel opinion has misapplied the established, and indeed acknowledged, rule of law that a trial court's findings of fact on a motion to suppress must have evidentiary support. Under the restrictive test for en banc jurisdiction adopted by a majority of this court in Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982), it is likely that the State's motion would be denied. However, it now appears that our right to exercise our en banc power was not, as the majority in Finney believed, restricted to "the test which has been articulated for Supreme Court conflict jurisdiction." 420 So.2d at 641.
We have now been instructed by Chase Federal Savings and Loan Association v. Schreiber (Fla. 1984) (Case No. 63,017, opinion filed July 26, 1984), that the district courts of appeal are free to develop their own concept of decisional uniformity in order to implement the purposes of the en banc rule, that is, to "avoid conflict, assure harmonious decisions within the courts' geographic boundaries, and develop predictability of the law within their jurisdiction." Id. Accordingly, we recede from so much of Finney v. State which holds that our en banc jurisdiction is limited to cases where the conflict is such as would have triggered Supreme Court certiorari jurisdiction. We now hold that panel decisions of this court are subject to our en banc jurisdiction, not only for the reasons described in Finney, but additionally where, as here, the panel has misapplied a well-established rule of law of this district in deciding the case. In the present case, the rule of law relates to our standard of review of a trial court's findings on a motion to suppress evidence: A trial court's findings must be accepted by the appellate court if there is evidence to support the findings. This rule is, by definition, applicable only to a case in which the evidence supports the trial court's findings and is not applicable to a case in which the evidence does not support the findings. Because we conclude that the evidence below does not support the trial court's findings, the rule of law was misapplied to this case. We thus grant rehearing en banc and adopt Judge Pearson's dissent to the panel opinion as the opinion of the en banc court. We reverse the order suppressing the weapons found on Roerme Navarro's person and in the vehicle occupied by him and remand the case for further proceedings against these defendants.
Reversed and remanded.
HUBBART, Judge (concurring).
I concur with the court's decision (a) to grant the state's motion for rehearing en banc under Fla.R.App.P. 9.331 based on an expanded standard for en banc review, and (b) to reverse the order under review based on a holding that a reasonable search and seizure took place in this case. Although I share many of the concerns expressed by Judge Ferguson in his dissenting opinion, I am persuaded to join today's decision for four reasons.
First, as the court itself states, the basis for our prior decisions in Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982) (en banc) and Schreiber v. Chase Federal Savings & Loan Association, 422 So.2d 911 (Fla. 3d DCA 1982) (en banc) (Nesbitt, J., dissenting) (opinion of court on en banc issue), aff'd in part, disapproved in part (Fla. *141 1984) (case no. 63,017, opinion filed July 26, 1984) [9 F.L.W. 313], on en banc review standards has been disapproved by the Florida Supreme Court. Chase Federal Savings & Loan Association v. Schreiber (Fla. 1984) (case no. 63,017, opinion filed July 26, 1984) [9 F.L.W. 313]. This being so, it is only appropriate that we reconsider our en banc standards from a different perspective. True, as Judge Ferguson points out, we are not required by the Florida Supreme Court decision in Schreiber to adopt a more expansive standard for en banc review, but the Court's decision does point rather decidedly in that direction.
Second, I do not believe that this court, in fact, has always followed the restrictive standards for en banc review as announced in Finney and Schreiber. Indeed, it is ironic that we plainly did not follow such standards in Schreiber itself opting, in fact, for more expansive standards to permit en banc review in that case. We followed a similar course in Taylor v. State, 436 So.2d 124 (Fla. 3d DCA 1983). I regret these departures and have dissented in both cases, but it is obvious to me that the court is not totally committed to its restrictive en banc standards and, on occasion, will depart therefrom. It therefore seems appropriate that we reconsider those standards so as to bring them into conformance with our past en banc practice. Whatever my personal views on the subject may be  see Schreiber v. Chase Federal Savings & Loan Association, 422 So.2d at 917-22 (Hubbart, C.J., dissenting)  I think it better from an institutional point of view that we adopt clear en banc standards which the court will, in fact, honor. By today's decision, I think the court has accomplished just that.
Third, I do not view today's decision as authorizing second appeals from panel decisions of this court, as Judge Ferguson contends it does. If that were the case, I would not join the decision because it would create, in effect, an unconstitutional appellate court to review the panel decisions of this court. I am convinced, however, that this is not what the court has done; the court instead has adopted the restrictive standards for en banc review announced in Finney and Schreiber and, in addition, has announced a new standard.
Summarizing the court's holding herein, as I see it, Fla.R.App.P. 9.331(a) provides that "[e]n banc hearings and rehearings shall not be ordered unless the case is of exceptional importance or unless necessary to maintain uniformity in the court's decisions." There are thus two alternative bases for en banc review: (1) the case must be of "exceptional importance," or (2) the en banc review must be necessary "to maintain uniformity in the court's decisions"  which necessity occurs in one of three situations: (a) when the panel decision has announced "`a rule of law which conflicts with a rule previously announced by this [c]ourt,'" Schreiber, 422 So.2d at 914; Finney, 420 So.2d at 641 (quoting Nielsen v. City of Sarasota, 117 So.2d 731 (Fla. 1960)) (emphasis omitted); (b) when the panel decision has applied "`a rule of law to produce a different result in a case which involves substantially the same controlling facts as a prior case disposed of by this [c]ourt,'" 422 So.2d at 914; 420 So.2d at 641 (quoting Nielsen, supra) or (c) when the panel decision "has misapplied a well-established rule of law of this district." 464 So.2d at 140 (en banc slip opinion at 2). The latter is the new "expanded" en banc standard announced by today's decision.
By the term "misapplied" as used in the above standard adopted today, I take it the court means that the panel opinion, as here, has applied a rule of law to a case so as to produce a result which is inconsistent with the rule itself. In the instant case, the panel opinion applied the following stated rule of law: "In reviewing the findings of a trial judge on a motion to suppress, the findings must be accepted by the appellate court if the record reveals evidence to support the findings." 464 So.2d at 140 (emphasis added) (citing State v. Favaloro, 424 So.2d 47 (Fla. 3d DCA 1982); State v. Battleman, 374 So.2d 636 (Fla. 3d DCA 1979)). The panel opinion, however, has, in fact, applied this rule of law to affirm a *142 trial court order suppressing evidence although there is no evidence in the record to support a critical finding of the trial court, to wit: that the bulge observed by the police officers on the defendant Roerme Navarro's clothing prior to his arrest was only a "slight" one with "no evidence the slight bulge was distinctively shaped like or had the distinctive outline of a weapon." Indeed, the unrebutted and unimpeached testimony of Detective Diaz and Officer Guaz is directly contrary to this finding, as Judge Pearson clearly demonstrates in his dissent. It is therefore plain that the panel opinion has applied the above rule to produce a result which is totally inconsistent with the rule itself; we plainly have en banc jurisdiction to review this case under Fla.R.App.P. 9.331(a) because the panel opinion has misapplied an established rule of law of this district.
Finally, for the reasons expressed in Judge Pearson's dissent as adopted by the court en banc today, the police officers herein clearly had probable cause to arrest the defendant Roerme Navarro when they saw the bulge of a concealed firearm protruding from his clothing. The search thereafter of the person of Roerme Navarro and the passenger compartment of the automobile in which he was riding was reasonable because it was properly incident to effecting a valid arrest of the said Roerme Navarro. The guns seized in the course of this reasonable search incident to a valid arrest were, therefore, admissible in evidence. Judge Pearson's analysis on this issue in his dissenting opinion is, in my view, unassailable.
Judge Barkdull, on the other hand, takes the view in dissent that the search herein was tainted by a prior illegal police surveillance of the defendant which consisted of physically following the defendants while they were traveling in their car on the public streets; this police surveillance is deemed illegal because it was done "[w]ithout justification." I cannot agree. There is no Fourth Amendment law of which I am aware that prohibits the police from following a person in his car on the public street. No prior showing of probable cause or even reasonable suspicion is required for such surveillance because no interest protected by the Fourth Amendment is remotely invaded by such police conduct. Indeed, the United States Supreme Court has specifically so held. United States v. Knotts, 460 U.S. 276, 103 S.Ct. 1081, 1085, 75 L.Ed.2d 55, 62 (1983); see 1 W. LaFave, Search and Seizure § 2.7 at 432-34 (1978).
For these reasons, I concur in the court's decision to grant a rehearing en banc in this cause and to reverse the order under review.
BARKDULL, Judge, dissenting.
I respectfully dissent and would adhere to the original opinion. Without justification the police officers followed a vehicle in which Navarro was riding until it stopped. They then testified in regard to certain bulges observed in the defendant's clothing as he exited the vehicle. The police officers had no right to follow the vehicle until it made a stop. The surveillance being unlawful it tainted any evidence obtained as a result of the stop. Williams v. State, 454 So.2d 737 (Fla. 2d DCA 1984).
HENDRY, J., concurs.
FERGUSON, Judge (dissenting to rehearing en banc).
If I had been the trial judge in this case I might have denied the motion to suppress the evidence which in essence is what the en banc court has now done. Nevertheless my disagreement with the trial judge's decision, which the original panel found to be supported by some evidence, does not compel me to join the majority in a strained finding of "decisional conflict"  as that term is used by the committee which drafted the en banc rule, Florida Rule of Appellate Procedure 9.331  where none really exists.
Chase Federal Savings and Loan Association v. Schreiber, 9 F.L.W. 313 (Fla. July 26, 1984), cited by the majority, simply restated the principle that the district courts are free "to develop their own concept of decisional *143 uniformity." It did not free district courts to rehear cases en banc in the absence of actual decisional conflict. One might envision the not-so-far-fetched scenario where one member of the court who disagrees with a panel opinion, for philosophical or other laudable but irrelevant reasons, undertakes to influence other members of the court to vote for an en banc rehearing, ultimately obtaining a different result.
The essential facts in this simple case are as follows. The defendants are well-known by the police and are suspected of illegal political activity. A police officer named Diaz, who was assigned to a special unit which investigates possible "terrorist" activity, followed the vehicle in which the defendants and four other well-dressed businessmen were occupants, through downtown Miami during daylight hours. The other occupants included two journalists and an attorney. When the vehicle came to a stop one of the defendants exited. With the aid of personal binoculars, Officer Diaz observed a "bulge" under the jacket of one of the defendants, which he suspected was caused by a gun. Based on that observation, Officer Diaz notified a Miami patrol unit. Reporters from two local television stations arrived on the scene simultaneously with the arrival of uniformed police officers. The officers searched the defendant who was observed to have a bulge under his jacket and found a pistol. They then searched the automobile belonging to the second defendant and retrieved another pistol. The defendants were arrested.
The trial judge found the evidence insufficient to support a finding of articulable suspicion of criminal activity so as to justify the searches and seizures. After observing the witnesses, he made a determination which we cannot say defies the record. See State v. Battleman, 374 So.2d 636 (Fla. 3d DCA 1979) (appellate court in reviewing findings of a trial judge on a motion to suppress must accept the findings if they are supported by evidence in the record). That ruling frustrated these prosecutions for firearms possession. The original panel affirmed.
En banc rehearing was granted herein, on the court's own motion based on a claimed "misapplication of a rule of law." If this is an example of that principle then any disagreement with a panel's determination as to the sufficiency of the evidence, by nonpanel members, qualifies as decisional conflict for the purpose of en banc review. The rule has thus been stood on its head.
By the adoption of an elusive rule for en banc review, the court has opted to freewheel. This promises more en banc hearings, with ultimate dispositions becoming the view of a faction, giving only lip-service regard to the maintenance of uniformity between cases. The authority of panel opinions is seriously undermined. See Clausell v. State, 455 So.2d 1050 (Fla. 3d DCA 1984) (Hubbart, J., concurring on rehearing en banc).
Further, the en banc rule is one of law and was not intended to operate as a loose rule of internal administration. In this case the parties were not advised that the court had decided to reconsider the case en banc. It is my opinion that we best guard against abuse of, and confirm the existence of integrity in the en banc process, by permitting the parties to address, as an issue separate from questions on the merits, whether an en banc hearing is necessary in order to maintain decisional uniformity.
BASKIN, J., concurs.
NOTES
[1] Diaz's testimony was not in conflict with any other witness, despite the trial court's statement to the contrary. As will be seen, infra, the trial court's stated disbelief of Diaz on the issue of whether Wilfredo Navarro, the apparent owner of the vehicle, consented to the search of the vehicle is irrelevant, since this search was justified without consent.
[2] As Professor LaFave notes, while the mere observance of a bulge, without more, does not provide the basis for a frisk, this is distinguishable from Prochilo, "where the actual outline of a gun was visible through a pedestrian's clothing. The frisk was proper, as a full fledged arrest and search on probable cause of carrying a concealed weapon could have been made." W.R. LaFave, Search and Seizure § 9.4, p. 110 n. 4.