ERVIN, Judge.
Appellant David Eugene Peterson appeals from his convictions for five counts of third degree burglary and the sentences imposed therefor. We affirm in part, reverse in part and remand.
Neither of appellant’s first two issues are meritorious. First, the stop was a valid traffic stop, because appellant’s vehicle was obstructing a roadway. Second, the trial judge’s resolution against appellant of the conflicting evidence dealing with the consensual search issue is supported by the record. See State v. Stephens, 441 So.2d 171 (Fla. 3d DCA 1983). Finally, appellant’s sentences[1] were within the recommended guidelines sentencing range[2] and none of the individual sentences exceeded the statutory maximum. § 810.02(1), (3), Fla.Stat. (1987); § 775.082(3)(d), Fla.Stat. (1987).
We do, however, find merit in appellant’s third point that the trial court erred by imposing court costs and attorney’s fees without prior notice. Mays v. State, 519 So.2d 618 (Fla.1988); Jenkins v. State, 444 So.2d 947 (Fla.1984); Goodling v. State, 482 So.2d 594 (Fla. 4th DCA 1986). The fact that no contemporaneous objection was made at the time the costs and fees were imposed does not preclude appellate review of the issue. Harriel v. State, 520 So.2d 271 (Fla.1988). Therefore, those parts of the sentences assessing costs and fees must be reversed and the case re *359 manded to the trial court for further consistent proceedings.
AFFIRMED in part, REVERSED in part and REMANDED
BOOTH and WENTWORTH, JJ., concur.

. Appellant was sentenced to 24 months’ incarceration for the first count, to a consecutive 5-year probationary term for the second count, and to 5-year probationary terms for the last three counts, each of those sentences to be served concurrently, but consecutive to the sentences imposed for .counts one and two.

.' Appellant’s recommended guideline sentence was community control or 12-30 months’ incarceration.