## STATE OF FLORIDA v NICHOLS
### Case No. 89-327-AC
Eleventh Judicial Circuit, Dade County
March 28, 1991

### APPEARANCES OF COUNSEL

**Anita J. Gay,** Assistant Attorney General, for appellant.
**Standford Blake, Esquire,** for appellee.

Before BARAD, NADLER, WILSON, JJ.

### OPINION OF THE COURT

BARAD, J.

This is an appeal from a County Court order granting appellee's motion to suppress Blood Alcohol Reading. For the reasons which follow, we affirm.

This appellate court hesitates to "second-guess" the trial judge. The trial judge was in the best position to hear the argument of counsel,

and to hear the testimony and to observe the demeanor of the witnesses. The ruling of the trial court on a Motion to Suppress is clothed with a presumption of correctness where the trial judge's findings of fact are supported by the evidence and the rule of law is correctly applied. *State v Rizo,* 463 So.2d 1165 (Fla. 3d DCA 1984); *State v Navarro,* 464 So.2d 137 (Fla. 3d DCA 1984). This court concludes that the trial judge's ruling is supported by the evidence and does correctly apply the rule of law concerning chemical breath tests.

Numerous facts lend support to the trial court's rulings. Sections 315.1932(1)(b) and 316.1934(3), Florida Statutes (1987), provide that an analysis of a person's breath, in order to be considered valid, must be performed substantially in accordance with the methods approved by the Department of Health and Rehabilitative Services (H.R.S.). *State v Donaldson,* 15 F.L.W. D1263, 1264 (Fla. 4th DCA 1990). The officer in the case at bar did not substantially comply with the prescribed procedures. The officer indicated by his testimony at the hearing on the Motion to Suppress that he lacked independent knowledge and recollection of facts surrounding the arrest. The officer could not even recall whether or not in this particular arrest Mr. Nichols was administered the breath test. Since the arresting officer failed to create a flow sheet documenting the procedures and events involved with the arrest, the officer had nothing with which to refresh his recollection.

Additionally, from the evidence, it is unclear whether the officer observed Mr. Nichols for the required twenty minutes before taking a breath sample as required by the Code. Fla. Admin. Code § 10D-42-024(1)(f). It is unclear when the officer assembled the breathalyzer and began the warm-up process. It is clear that the officer did *not* check the color band on the crimper device to see if it was properly warmed up.

Accordingly, we affirm the order suppressing the results of the breathalyzer test.

AFFIRMED.

(NADLER and WILSON, JJ., concur).