592 So.2d 308 (1991)
The STATE of Florida, Appellant,
v.
Curtis BROWN, Appellee.
No. 91-474.
District Court of Appeal of Florida, Third District.
December 24, 1991.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Amy D. Ronner, Sp. Asst. Public Defender, for appellee.
Before FERGUSON, LEVY and GERSTEN, JJ.
FERGUSON, Judge.
The single issue in this appeal is whether the defendant's incriminating confession was given in response to an unlawful interrogation following his invocation of the right to counsel.
Curtis Brown, a suspect in a burglary, theft, and criminal mischief case, was arrested, advised of the charges against him, and informed of his rights to remain silent and to the assistance of an attorney. He unequivocally invoked those rights and refused to answer any questions without the presence of an attorney.
Notwithstanding the clear invocation of those rights, the officer continued to discuss the case, informing the defendant that he had been listed as a suspect by the victim, that three witnesses had placed him at the scene of the crime, that his girlfriend had implicated him in the burglary, and that he had been seen in possession of an item stolen in the burglary. After confronting the defendant with these details, the officer placed the defendant in an interrogation room and handcuffed him to a bench. Approximately an hour and a half later, the defendant was removed to a "booking room" where he then said he wanted to tell "the truth," or "his side of the story." The defendant was again given Miranda warnings, after which he signed a prepared statement of confession.
In a written order suppressing the confession, the court found:
In the case sub judice, it was incumbent on the detective to cease any conversations with the defendant which the detective should have known could lead to responses from the defendant regarding the case for which he had been arrested. The statement of the defendant that, "I have to tell you the truth," came only after continued information had been repeated to Brown by Potts. The amount *309 of time that lapsed between the end of these statements by Potts to Brown did not serve to render Brown's waiver and statements to have been freely and voluntarily made. The second signed waiver was ineffective in waiving the defendant's right to counsel.
We affirm.
It is settled that once an individual is given Miranda warnings, and that person indicates in any manner prior to or during questioning that he wishes to remain silent, the interrogation must cease. Miranda v. Arizona, 384 U.S. 436, 473-74, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 722-23 (1966). After an individual has shown that he intends to exercise his Fifth Amendment privilege, any statement taken after the invocation of that right cannot be other than the product of compulsion, subtle or otherwise. Id.; Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Minnick v. Mississippi, ___ U.S. ___, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990).
The dissent gives to the word "interrogation" the same narrow construction that was rejected in Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). There the court gave a broad and practical definition to the term, holding:
`[I]nterrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. The latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police... . A practice that the police should know is reasonably likely to evoke an incriminating response from a suspect thus amounts to interrogation.
Innis, 446 U.S. at 301, 100 S.Ct. at 1689-90.
This is not the case where, in the context of a brief conversation between officers, the defendant was moved to make a self-incriminating response which the officers had no reason to expect. In this case the officer's words and conduct were protracted and evocative and, as the trial court found, should reasonably have been known by the officer as likely to elicit an incriminating response. See Jones v. State, 497 So.2d 1268 (Fla. 3d DCA 1986) (interrogation under Miranda refers not only to express questions but also includes police conduct likely to induce incriminating responses), rev. denied, 506 So.2d 1043 (Fla.), cert. denied, 484 U.S. 823, 108 S.Ct. 87, 98 L.Ed.2d 48 (1987).
Although he initially expressed disbelief in the defendant's testimony on the main issue  whether the officer's case-related monologizing in his presence induced the incriminating response  the trial judge, as trier of the facts, resolved the conflicting evidence in favor of the defendant. A trial court's ruling on a motion to suppress has a presumption of correctness and, where the record supports its ruling, it is impermissible for the appellate court to substitute its judgment for that of the factfinder. Wasko v. State, 505 So.2d 1314, 1316 (Fla. 1987).
Affirmed.
LEVY, J., concurs.
GERSTEN, Judge.
I respectfully dissent.
Appellee, Curtis Brown (Brown), was arrested and charged with burglary, theft, and criminal mischief. Prior to any police questioning, Brown was advised of his Miranda rights. Brown invoked his right to counsel, and thereafter all police questioning ceased.
Before placing Brown in a holding cell, the arresting officer explained the nature of the charges to Brown. About an hour later, Brown was moved to a booking room.
When he arrived at the booking room, Brown told the officer that he wanted to tell him "the truth." The officer explained that he could not take Brown's statement because Brown had invoked his right to counsel. Brown then agreed to waive his previously asserted right. Brown was again advised of his rights and signed a *310 written Miranda waiver. Brown then wrote his confession, admitting the crimes.
Before trial, Brown moved to suppress the confession. At the suppression hearing, the court, making findings of fact, rejected Brown's assertion that he had been coerced into giving the confession. The trial court stated:
I really don't believe anything he says. This is not going to make any difference in my decision in the case. I think he is an absolute liar ... I don't really care what he says. That's not going to be what decides this case ... I don't care what this guy says. He wasn't coerced in anyway [sic]. He wasn't afraid in anyway [sic].
On a motion to suppress, it is the trial court: (1) who is the trier of both fact and law; (2) who determines the credibility of the witnesses and the weight of the evidence; (3) whose determinations concerning questions of fact must be accepted by appellate courts; and (4) whose resolution of conflicting evidence will not be disturbed on appeal. Gonzalez v. State, 578 So.2d 729 (Fla. 3d DCA 1991); State v. Belcher, 520 So.2d 303 (Fla. 3d DCA), review denied, 529 So.2d 695 (Fla.), cert. denied, 488 U.S. 912, 109 S.Ct. 270, 102 L.Ed.2d 258 (1988); Harvey v. State, 502 So.2d 1305 (Fla. 1st DCA 1987); Dooley v. State, 501 So.2d 18 (Fla. 5th DCA 1986); State v. Guerra, 455 So.2d 1046 (Fla. 3d DCA 1984), review denied, 461 So.2d 114 (Fla. 1985); State v. Garcia, 431 So.2d 651 (Fla. 3d DCA 1983); State v. Favaloro, 424 So.2d 47 (Fla. 3d DCA 1982); State v. Melendez, 392 So.2d 587 (Fla. 4th DCA 1981); State v. Battleman, 374 So.2d 636 (Fla. 3d DCA 1979); Ponder v. State, 323 So.2d 296 (Fla. 3d DCA 1975); State v. Thomas, 212 So.2d 910 (Fla. 1st DCA 1968); Cameron v. State, 112 So.2d 864 (Fla. 1st DCA 1959); see also Stone v. State, 378 So.2d 765 (Fla. 1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980).
Here the trial court determined the credibility of the witnesses, the weight of the evidence, and resolved conflicting evidence by finding that the defendant was lying and the officer was truthful. The trial court stated:
[N]ow when an appellate court looks at it, the appellate court is going to know the basis of my ruling, and it has nothing to do with what the Defendant said, but it was only on what the detective said ... I find the testimony of the officer was credible and I believe what the officer said to me.
Nevertheless, relying on Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), and Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), the trial court suppressed Brown's confession, finding that the officer's discussion of the case with Brown was the functional equivalent of police questioning. The trial court stated:
Let's say there is no more questioning. But he is not allowed to then say to him like they did in the Christian burial speech on the way back to Arizona, whatever it was I think about the poor people and it's Christmas time and you should give them a Christian burial. I am not going to ask you to say a word. Don't say a word but just think about it.
Accordingly, the sole issue on the question of suppression is a matter of law  whether the officer's comments rise to the level of police questioning or its functional equivalent.
The officer testified that his only contact with Brown, after Brown invoked his rights and before he offered to make a statement, was as follows:
At that time, I explained to him briefly the purposes of his being arrested, that I was assigned an investigation that [the victim] had made indicating that he had in fact been listed in the original report as a possible suspect in the case.
I also explained to him the fact that I spoke with his girlfriend ... who provided me a written statement in the presence of her mother because she was a juvenile.
I explained his arrest was based on the circumstances contingent to those facts prior to his arrest and basically he was *311 placed in our interrogation room for safe keeping.
Neither the cases relied on by the trial court, nor the cases cited by the majority, support the conclusion that Brown's confession must be suppressed. In Brewer v. Williams, 430 U.S. at 387, 97 S.Ct. at 1232, a police detective transporting a defendant after he had invoked his Miranda rights attempted to elicit a response concerning the location of the murdered girl's body by appealing to the defendant's highly religious sentiments.
In Brewer, unlike here, the State conceded that the officer's "Christian burial speech" constituted police interrogation. In finding that the defendant's statements should have been suppressed in Brewer, the United States Supreme Court explained:
Despite [the defendant's] express and implicit assertions of his right to counsel, [the detective] proceeded to elicit incriminating statements from [the defendant]. [The detective] did not preface this effort by telling [the defendant] that he had a right to the presence of a lawyer and made no effort at all to ascertain whether [the defendant] wished to relinquish that right. The circumstances of record in this case thus provides no reasonable basis for finding that [the defendant] waived his right to the assistance of counsel. The Court of Appeal did not hold, nor do we, that under the circumstances of this case [the defendant] could not, without notice to counsel, have waived his rights under the Sixth and Fourteenth Amendments. It only held, as do we, that he did not.
Brewer v. Williams, 430 U.S. at 405, 97 S.Ct. at 1243.
In this case, the police were not attempting to elicit incriminating statements from Brown. Further, Brown was again fully advised of his rights and waived them in writing. Accordingly, the suppression in Brewer is inapplicable to these facts.
Similarly, Rhode Island v. Innis, 446 U.S. at 291, 100 S.Ct. at 1682, does not mandate suppression of Brown's confession:
[S]ince, the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response.
Rhode Island v. Innis, 446 U.S. at 301-302, 100 S.Ct. at 1690.
The comments made by the officer do not fall within the purview of interrogation within the meaning of Miranda, and nothing in the police comments invited, or elicited a response. Accordingly, it is clear that, as in Rhode Island v. Innis, "it cannot be fairly concluded that the respondent was subjected to the `functional equivalent' of questioning." Rhode Island v. Innis, 446 U.S. at 302, 100 S.Ct. at 1690.
Not one of the cases cited by the majority requires suppression of Brown's confession. Minnick v. Mississippi, ___ U.S. ___, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990); and Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), address the resumption of police interrogation after the invocation of Miranda rights. Based on the previous analysis, they are inapplicable to these facts.
Jones v. State, 497 So.2d 1268 (Fla. 3d DCA), review denied, 506 So.2d 1043 (Fla. 1986), cert. denied, 484 U.S. 823, 108 S.Ct. 87, 98 L.Ed.2d 48 (1987), involved the functional equivalent of interrogation as defined in Rhode Island v. Innis, 446 U.S. at 291, 100 S.Ct. at 1682, and therefore does not apply to the instant facts.
Finally, Colquitt v. State, 396 So.2d 1170 (Fla. 3d DCA 1981), is not relevant to this case. Colquitt states:
This is not a case where the interrogation was terminated after a suspect requested counsel and was later resumed only under circumstances where it was apparent the defendant had changed his mind and desired to make a statement. Here, the defendant continuously indicated his desire for an attorney and consequently the state completely failed to show that the defendant thereafter exercised a knowing *312 and intelligent waiver of his right to remain silent.
Colquitt v. State, 396 So.2d at 1171.
In this case the officer's comments merely advised Brown of the charges and circumstances concerning his arrest. The comments were not intended to elicit any response. Therefore, because the officer's comments did not constitute an interrogation, or its equivalent, I would reverse the suppression of the statement.