661 So.2d 865 (1995)
The STATE of Florida, Appellant,
v.
Earl EDWARDS, Appellee.
No. 94-2068.
District Court of Appeal of Florida, Third District.
September 27, 1995.
Rehearing Denied November 8, 1995.
*866 Robert A. Butterworth, Attorney General, and Michael J. Neimand and Consuelo Maingot, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Assistant Public Defender, for appellee.
Before NESBITT, GODERICH, and GREEN, JJ.
PER CURIAM.
The State of Florida appeals a trial court order suppressing statements made by Earl Edwards. We reverse.
Edwards was stopped by the police shortly after report of an armed gas station robbery in the same vicinity, and was identified by the victim as the perpetrator of the robbery soon afterward. Once at the police station, a robbery detective interviewed Edwards and read him his Miranda rights, which Edwards invoked. The detective ceased questioning, but commented to Edwards that he was being charged with armed robbery. Edwards then asked the detective to clarify this charge. The detective explained to Edwards that he was being charged with armed robbery because he used his finger in a jacket pocket to pretend he had a gun while committing the robbery. At this time, Edwards confessed to putting his finger in his pocket and telling the robbery victim it was a gun.
The trial court suppressed this statement on grounds that Edward's Miranda rights had been violated by the detective, who should have known that his comments were reasonably likely to elicit an incriminating response from Edwards. The State appeals that suppression order.
Once an individual is given Miranda warnings, and that person indicates in any manner prior to or during questioning that he wishes to remain silent, the interrogation must cease. Miranda v. Arizona, 384 U.S. 436, 473-74, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 722-23 (1966). "Interrogation" takes place, for purposes of state constitutional self-incrimination safeguards, "when a person is subjected to express questions, or other words or actions, by a state agent, that a reasonable person would conclude are designed to lead to an incriminating response." Traylor v. State, 596 So.2d 957 (Fla. 1992); see Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) (interrogation is any practice the police know is reasonably likely to evoke an incriminating response).
In the instant case, once the defendant had invoked his Miranda rights, the police ceased their interrogation. Thereafter, the detective's only comment to Edwards was to inform him of the charges against him. When Edwards inquired as to why he was being charged with armed robbery, the detective responded by explaining the factual basis for the charge. The record reveals that the officer's statements did not rise to the level of "interrogation," and that a reasonable person would conclude he was not attempting to elicit incriminating statements from Edwards. See Traylor, 596 So.2d at *867 966 n. 17; cf. State v. Brown, 592 So.2d 308, 309 (Fla. 3d DCA 1991). Edwards later voluntarily admitted to the detective that he pretended to carry a gun in order to rob the gas station. See Traylor, 596 So.2d at 964 (voluntariness of confession is determined by examination of the totality of the circumstances surrounding the confession).
Based on the foregoing, the order suppressing Edward's post-Miranda confession is reversed and remanded for further proceedings.