WARNER, C.J.
Appellant makes two claims of error in this appeal from his conviction for burglary of a dwelling with an assault and battery on an elderly person. First, he claims that the court erred in admitting his statement to the police that he did not beat up “the old lady,” because he made the statement after he was read his Miranda warnings and had asked for a lawyer. The trial court determined that the statement was not given in response to an interrogation. We agree. See State v. Edwards, 661 So.2d 865, 867 (Fla. 3d DCA 1995)(inform-ing the defendant of the charges against him did not rise to the level of “interrogation,” under Miranda, so that defendant’s incriminating response should not have been suppressed); see also Traylor v. State, 596 So.2d 957, 966 n. 17 (Fla.1992)(“interrogation” occurs when a *607 “person is subjected to express questions, or other words or actions, by a state agent, that a reasonable person would conclude are designed to lead to an incriminating response”).
Appellant also claims that his incriminating response should not have been admitted because it was not a statement against interest. However, this issue was not preserved for review. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985) (“[i]n order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation ... ”). We thus affirm appellant’s conviction.
As to appellant’s sentence, the state concedes that a scrivener’s error was made by indicating on the sentencing sheet that appellant was a habitual offender, as the state did not seek that type of sentence and appellant did not meet its qualifications. We therefore remand for the court to correct the sentencing form to delete the habitual felony offender status.
Affirmed but remanded to correct sentence.
FARMER and STEVENSON, JJ., concur.