COPE, J.
 

 This is an appeal of a conviction for first degree murder and other offenses. Defendant-appellant Del Valle contends that the trial court erred by denying his motion to suppress his confession. We affirm.
 

 After the murder in this case, the Hialeah Police Department suspected that the crime might have been gang-related. Detective Spitler, of the gang investigation unit, saw the defendant walking down the street with his girlfriend, and knew that the defendant was a member of the Hillside Gangsters. The detective believed that possibly Hillside members might have information on the homicide. He asked if the defendant would take a ride with him in his unmarked car to talk to a detective. The defendant and his girlfriend got in. The detective took them both to the Hialeah Police Station.
 

 Detective Arango arrived and conducted an interview of the defendant in the detective’s office while the girlfriend remained in another detective’s office. Detective Arango advised the defendant that he was a suspect and administered
 
 Miranda
 

 *
 
 warnings. In an unrecorded conversation, the defendant indicated that he would not discuss anything related to the murder, but was willing to look at photographs and advise the detective if he knew the persons. He did this, and signed the photographs.
 

 The defendant agreed to give a taped statement regarding the foregoing. After several minutes of the taped discussion, the defendant stated that he did not want to speak anymore. The detective then asked several questions to determine
 
 *847
 
 whether the defendant did not want to speak at all, or whether the defendant remained willing to discuss the identifications of the individual gang members. The defendant twice reiterated that he did not want to speak any more. The detective then terminated the recorded statement. The detective told the defendant that he was going to speak with the defendant’s girlfriend and asked if the defendant would mind waiting while he did so. The defendant said no problem, and waited in the office.
 

 The detective spoke with the girlfriend for an hour and ten minutes, and then returned to tell the defendant he was finished. At that point the defendant said he wanted to tell the detective what had happened. The detective specifically testified that he “did not initiate that part of [the] conversation, the defendant did.” The defendant then gave a second taped interview in which he admitted committing the crime.
 

 The trial court denied the motion to suppress, finding that the statement was given freely and voluntarily. The court stated that it had no reason to doubt that the defendant initiated the second statement, and found that proper
 
 Miranda
 
 warnings had been given at the outset.
 

 The defendant argues that the defendant’s invocation of the right to terminate questioning was not “scrupulously honored” within the meaning of
 
 Michigan v. Mosley,
 
 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). We disagree. As the Florida Supreme Court said in a similar case, “upon consideration of the totality of the circumstances, we believe that the police did not violate the principles of
 
 Miranda
 
 or
 
 Mosley
 
 in obtaining appellant’s confession.”
 
 Henry v. State,
 
 574 So.2d 66, 69 (Fla.1991).
 

 The defendant relies on
 
 State v. Brown,
 
 592 So.2d 308 (Fla. 3d DCA 1991), but that case is not on point. There the defendant invoked his right to silence and requested counsel. The officer continued to discuss the case and outlined the State’s evidence against the defendant. The officer then left the defendant handcuffed in an interrogation room for an hour and a half, after which he was taken to a booking room. The defendant then stated that he wanted to tell the truth, waived his previously-invoked rights to silence and counsel, and gave a statement. The majority opinion in
 
 Brown
 
 held that the officer’s monologue about the State’s case against the defendant amounted to “interrogation” for
 
 Miranda
 
 purposes.
 
 Brown,
 
 592 So.2d at 308-09.
 

 In the present case, the detective engaged in no such conduct. After questioning ceased, the defendant remained in the detective’s office, and was not handcuffed, while the detective spoke with the girlfriend in an adjacent office. The trial court believed the detective’s testimony that, upon returning to tell the defendant that the questioning of the girlfriend was completed, the defendant initiated the conversation with the detective and stated that he wanted to tell the detective what had happened.
 

 Affirmed.
 

 *
 

 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).