599 So.2d 170 (1992)
Donald Lee CRAIG, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1493.
District Court of Appeal of Florida, Third District.
April 28, 1992.
Bennett H. Brummer, Public Defender and Robert Burke and Harvey Sepler, Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen. and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
SCHWARTZ, Chief Judge.
The only issue on this appeal from Craig's convictions of first degree murder, armed robbery and aggravated assault concerns the admissibility of statements he made to the police. We affirm.
It may be assumed arguendo that the statement before us which indicated Craig was present at the scene but was not an active participant in the crimes should not have been admitted  even though it followed appropriate Miranda warnings  because it was engendered by questioning which improperly continued after what was at least an equivocal invocation of the defendant's *171 desire for counsel. See Towne v. Dugger, 899 F.2d 1104 (11th Cir.1990), cert. denied, ___ U.S. ___, 111 S.Ct. 536, 112 L.Ed.2d 546 (1990); Thompson v. State, 595 So.2d 16 (Fla. 1992).[1] Any such error was, however, rendered harmless by a subsequent statement in which he admitted that he was the actual shooter. See Boles v. Foltz, 816 F.2d 1132 (6th Cir.1987), cert. denied, 484 U.S. 857, 108 S.Ct. 167, 98 L.Ed.2d 121 (1987); Traylor v. State, 596 So.2d 957, 960 (Fla. 1992); Kight v. State, 512 So.2d 922, 926 (Fla. 1987) ("[A]lthough it was error to admit Kight's initial statement to Officer Weeks, this error was harmless because the unwarned statement was merely cumulative to the subsequent properly admitted statements."), cert. denied, 485 U.S. 929, 108 S.Ct. 1100, 99 L.Ed.2d 262 (1988); Segarra v. State, 596 So.2d 740 (Fla. 2nd DCA 1992); State v. Bates, 804 S.W.2d 868 (Tenn. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991).
The trial court was correct, in turn, in refusing to suppress that confession because it was essentially volunteered when, some two hours after the questioning had terminated, Craig himself reestablished contact with the police for the very purpose of admitting his guilt.[2] The reinitiation of the process cured any previous fifth amendment defect and rendered the decisive admission constitutionally permissible. Arizona v. Roberson, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988); Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Durocher v. State, 596 So.2d 997, 1000 (Fla. 1992) ("`Edwards does not foreclose finding a waiver of Fifth Amendment protection... provided the accused has initiated the conversation or discussions with the authorities.' Minnick v. Mississippi, ___ U.S. ___, ___, 111 S.Ct. 486, 492, 112 L.Ed.2d 489 (1990)."); Traylor, 596 So.2d at 966; Commonwealth v. Watkins, 375 Mass. 472, 379 N.E.2d 1040 (1978); State v. Bates, 804 S.W.2d at 868; see also Segarra, 596 So.2d at 742; Lovett v. State, 516 A.2d 455 (Del. 1986), cert. denied, 481 U.S. 1018, 107 S.Ct. 1898, 95 L.Ed.2d 504 (1987); Dickerson v. State, 325 A.2d 367 (Del. 1974); State v. McZorn, 288 N.C. 417, 219 S.E.2d 201 (1975), vacated in part, 428 U.S. 904, 96 S.Ct. 3210, 49 L.Ed.2d 1210 (1976); Granviel v. State, 723 S.W.2d 141 (Tex.Cr.App. 1986), cert. denied, 484 U.S. 872, 108 S.Ct. 205, 98 L.Ed.2d 156 (1987); Mundy v. Commonwealth, 11 Va. App. 461, 390 S.E.2d 525 (1990), cert. denied, ___ U.S. ___, 112 S.Ct. 127, 116 L.Ed.2d 95 (1991).
Affirmed.
NOTES
[1] While Craig was being questioned by Homicide Detective Singer, he asked to see Fandrey, another detective who was an acquaintance. He told Fandrey that when confronted with the evidence against him he had said to Singer, "if you got that against me, you might as well get me a lawyer." While Singer denied that the remark had actually been made to him, the admitted fact that Craig recounted it to Fandrey required Fandrey to cease questioning until the issue was resolved. See Thompson, 595 So.2d at 18.
[2] After the statement denying responsibility, Craig was placed in a room in the police station awaiting transportation to the jail. While there, he overheard his co-defendant, who was being questioned in the next room, "throw him in" to the police. For that reason, he decided, for his own best interests, to confess his involvement. He then literally knocked on the door of the interview room, told Singer he wanted to confess and did so. There is no indication whatever that the confession arose out of a deliberate stratagem or any form of improper "interrogation" by the police. See Kight, 512 So.2d at 926; compare Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); State v. Brown, 592 So.2d 308 (Fla. 3d DCA 1991), and cases cited. Indeed, they were totally surprised by the confession.