CAMPBELL, Acting Chief Judge.
The State challenges the trial court order granting in part Nguyen’s motion to suppress statements made following a traffic stop. On cross-appeal, Nguyen challenges the denial in part of his motion to suppress statements and the denial of his motion to suppress evidence regarding the firearm seized from his vehicle. We conclude that the suppression of Nguyen’s initial statement following the stop was error and therefore reverse on the State’s appeal. We find no error, however, in the court’s denial of Nguyen’s motion to suppress statements and evidence and therefore affirm on Nguyen’s cross-appeal.
Nguyen was stopped as a result of a police dispatch reporting a “hit-and-run” traffic accident involving a van marked “T. and T.C. Foods.” As the officer approached the van which Nguyen had been driving, Nguyen opened the door holding a tire iron or crowbar. The officer then told Nguyen not to move, grabbed the tire iron out of Nguyen’s hand, and tossed it into the back of the van. The officer requested that Nguyen exit the van which the officer observed was damaged. However, Nguyen denied that he had been in an accident. While further investigating the hit- and-run accident and as the officer and Nguyen walked toward the patrol car, the officer asked Nguyen if he had any weapons. Nguyen replied that he had a gun under the seat of the van. The officer handcuffed Nguyen and placed him in the patrol car. The officer went back to the van and retrieved the gun which was fully loaded and operable. He also determined that Nguyen had a prior felony conviction. Thereafter, the officer first attempted to read Nguyen his Miranda rights, but Nguyen never acknowledged that he understood them. Nguyen kept interrupting the officer and asking why he was going to jail or why he was in the patrol car. In response, the officer told him he was going to jail because he had a weapon in his vehicle. Nguyen then stated that he carried a gun for protection because he carried large amounts of cash.
We agree with the State’s argument on direct appeal that it was clear from the circumstances surrounding the incident that Nguyen’s statement that he carried the gun for protection was spontaneous and not the result of any interrogation by the officer. In response to Nguyen’s questions regarding why he was in the patrol car and why he was going to jail, the officer told him that he was going to jail because he had a weapon in his vehicle. Nguyen then stated that he carried the gun for protection due to his job. Although there is no dispute that Nguyen was in custody, it is clear that the officer’s answer to Nguyen’s question was not intended to elicit an incriminating response. See State v. Koltay, 659 So.2d 1224 (Fla. 2d DCA 1995).
On cross-appeal, we conclude that the trial court was correct in denying Nguyen’s motion to suppress both his initial statement that he had a gun under the seat of the van and the weapon itself under the public safety exception to Miranda. While Nguyen was not free to leave at the time he was stopped by the officer, it is clear from a reading of the officer’s testimony that he was initially threatened by Nguyen’s possession of a tire iron. The officer stated that when Nguyen exited the *281 van holding the tire iron, he did not know what Nguyen’s intentions were and he was concerned for his safety and the safety of other officers present. His question regarding whether Nguyen possessed any weapons and the ultimate seizure of the weapon were therefore proper. See Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); State v. Dilyerd, 467 So.2d 301 (Fla.1985); Joppy v. State, 719 So.2d 316 (Fla. 1st DCA 1998)
Reversed on appeal and affirmed on cross-appeal and remanded.
FULMER and NORTHCUTT, JJ„ concur.