PER CURIAM.
Antonio Maria Cruz (“defendant”), appeals his conviction and sentence for first degree murder. We affirm finding no error in the trial court’s evidentiary rulings.
The defendant first argues the trial court erred in admitting his confession which was obtained after the defendant invoked the right to remain silent. We disagree.
When the police took the defendant to the homicide office to question him about the murder, the defendant initially waived his rights, and initially denied any knowledge or involvement in the victim’s murder. After one-half hour, the defendant told the officers he did not want to talk to them anymore. Questioning stopped, and the officers left the room, leaving the door partially open.
The defendant then saw his wife walk past the door. He decided to reinitiate contact, and was told by the officers that his wife was under arrest and had given a statement regarding the victim’s murder. After hearing a portion of his wife’s taped statement, the defendant admitted being present when the victim was murdered, although he claimed two other associates had actually committed the murder and placed the weighted body in the water. The defendant proceeded to provide details of the murder which were consistent with the evidence and statements of other witnesses.
It is axiomatic that a defendant subjected to custodial interrogation is permitted to assert the right to remain silent, thus requiring the police to cease questioning. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, the right to remain silent can be waived where a defendant voluntarily chooses to reinitiate contact with the police. See Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); Kelley v. State, 486 So.2d 578 (Fla.1986), cert. denied, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986); Craig v. State, 599 So.2d 170 (Fla. 3d DCA), rev. denied, 605 So.2d 1263 (Fla.1992).
In this case, the record is clear that the defendant’s confession was precipitated by his voluntary reinitiation of contact with the police. Accordingly, the trial court properly refused to suppress the confession. See Craig v. State, 599 So.2d at 170.
The defendant also contends the trial court erred in denying his motion for new trial based upon a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). According to the defendant, the State’s failure to disclose to defense counsel the existence of a rape investigation pertaining to one of the State’s witnesses, *1119 requires the granting of a new trial. We find this argument similarly lacks merit.
In order for a defendant to prove a Brady violation, it must first be demonstrated that “had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different.” Hegwood v. State, 575 So.2d 170, 172 (Fla.1991) (quoting United States v. Meros, 866 F.2d 1304, 1308 (11th Cir.), cert. denied, 493 U.S. 932, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989)). In this case, after considering the entire record, none of the matters cited by the defendant regarding the witness’ testimony rises to the level which would suggest a reasonable probability that the outcome would have been different had the information been disclosed. See Robinson v. State, 707 So.2d 688 (Fla.1998); Routly v. State, 590 So.2d 397 (Fla.1991). Thus, there is no Brady violation, and accordingly the trial court correctly refused to order a new trial. See United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); Spaziano v. Singletary, 36 F.3d 1028 (11th Cir.1994), cert. denied, 513 U.S. 1115, 115 S.Ct. 911, 130 L.Ed.2d 793 (1995); Cruse v. State, 588 So.2d 983 (Fla.1991), cert. denied, 504 U.S. 976, 112 S.Ct. 2949, 119 L.Ed.2d 572 (1992).
Finding the remaining issues raised by the defendant also lack merit, we affirm the judgment below in all respects.
Affirmed.