SCHWARTZ, Chief Judge
(specially concurring).
The only arguable question on this appeal concerns the admissibility of two sets of incriminating statements made by the defendant after initially invoking his Miranda rights. I believe, however, that:
(a) The first remarks were not inadmissible as made in response to unauthorized police questioning; rather, they were volunteered by the defendant after he was told the serious nature of the charges against him, see Davis v. State, 698 So.2d 1182 (Fla.1997), cert. denied, 522 U.S. 1127, 118 S.Ct. 1076, 140 L.Ed.2d 134 (1998); State v. Nguyen, — So.2d -, 1998 WL 472602 (Fla. 2d DCA Case no. 97-04796, opinion filed, August 12, 1998)[23 FLW D1904]; Montoya-Navia v. State, 691 So.2d 1144 (Fla. 3d DCA 1997);and
(b) those stateménts themselves constituted a self- “initiation” of “communication, exchanges or conversations with the police,” Edwards v. Arizona, 451 U.S. 477, 484, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378, 386 (1981), which justified renewed interrogation after he signed an appropriate Miranda waiver, see Durocher v. State, 596 So.2d 997 (Fla.1992); Kight v. State, 512 So.2d 922 (Fla.1987), cert. denied, 485 U.S. 929, 108 S.Ct. 1100, 99 L.Ed.2d 262 (1988); Craig v. State, 599 So.2d 170 (Fla. 3d DCA), review denied, 605 So.2d 1263 (Fla.1992); William E. Ringel, 3 Searches & Seizures, Arrests and Confessions § 28.2(a)(l)(2000), thus validating the second confession.
For these reasons, I agree that the statements were correctly introduced into evidence and therefore concur in affir-mance.